205 S.W.3d 79 (2006)
In the Interest of A.J.H., a Child.
No. 2-06-083-CV.
Court of Appeals of Texas, Fort Worth.
September 28, 2006.
*80 Dean M. Swanda, Swanda & Swanda, P.C., Arlington, for Appellant.
Tim curry, Criminal District Atty., Charles M. Mallin, Sharon A. Johnson and Mellisa R. Paschall, Assistant Criminal District Attys., Fort Worth, for Appellee.
Panel F: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

OPINION
LEE ANN DAUPHINOT, Justice.
Appellant A.L.H. appeals from the order terminating the parent-child relationship between him and A.J.H. In six issues, Appellant contends that the evidence is factually insufficient to support termination on various grounds and that his statement of points complies with section 263.405(i) of the Texas Family Code.[1] Because we hold that the evidence is factually sufficient to support termination, we affirm the trial court's order.
As a preliminary matter, we address the State's contention that Appellant's statement of points does not comply with section 263.405(i) and his response, found in his sixth issue, that his statement of points does comply. Section 263.405(i) provides,
The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.[2]
Appellant's statement of points provides,
[T]he evidence is factually insufficient on his failure to establish his paternity (paragraphs 8.1 and 8.2 of the judgment), on grounds (D), (E), and (N) of section 161.001(1) of the Texas Family Code (paragraph 8, paragraph 8.3.1, paragraph 8.3.2, and paragraph 8.3.3 of the judgment), and on best interest (paragraph 8.4) of the judgment.
We agree with Appellant that his statement of points does more than merely raise a general claim of factual insufficiency of the evidence barred by the statute. His statement of points was certainly specific enough to allow the trial judge (who presided over the entire trial and therefore was at least as familiar with the evidence as the appellate attorney appointed six days after trial) to correct any erroneous findings on the challenged grounds.[3] Further, *81 given that termination statutes are to be construed strictly in favor of the parent,[4] we are prohibited from construing the statute in a way that liberally expands its reach and therefore favors the State. We consequently reject the State's contentions, sustain the relevant portion of Appellant's sixth issue, and address Appellant's complaints on the merits.
In his fourth issue, Appellant contends that the evidence is factually insufficient to show that he engaged in conduct or knowingly placed A.J.H. with others who engaged in conduct that endangered A.J.H.'s well-being.[5] As this court explained in In re W.J.H.,
Endangerment means to expose to loss or injury, to jeopardize. It can occur through both acts and omissions. Neglect can be just as dangerous to the child's emotional and physical health as intentional abuse.
. . . . Subsection E [of the termination statute] focuses on the parent's conduct alone, including acts and omissions. While the endangerment must be a direct result of the parent's course of conduct, the conduct does not have to be directed toward the child, nor does the child have to suffer actual injury for the finding to be upheld. Similarly, the conduct does not have to cause a concrete threat of injury to the child. If the evidence shows that the parent has engaged in a course of conduct which has the effect of endangering the child, then the finding under subsection E may be upheld.[6]
Similarly, this court has also explained,
As a general rule, conduct that subjects a child to a life of uncertainty and instability endangers the physical and emotional well-being of a child. Drug use and its effect on a parent's life and his ability to parent may establish an endangering course of conduct. Further, a parent's mental state may be considered in determining whether a child is endangered if that mental state allows the parent to engage in conduct that jeopardizes the physical or emotional well-being of the child.[7]
The evidence shows that Appellant had been previously convicted for, among other crimes, injuring A.J.H.'s mother. While Appellant was in the penitentiary, A.J.H.'s mother, with whom he lived, died. A.J.H. then went to live with Appellant's mother. The State removed A.J.H. from his grandmother's home while Appellant was still in prison. When Appellant got out of prison, despite the ongoing CPS proceedings, he smoked marijuana daily, refused anger management classes, refused drug treatment, refused counseling, and indicated that he intended to continue to smoke marijuana. The evidence further shows that Appellant is low-functioning mentally, is unemployed, and lacks stable housing. The evidence also shows that Appellant and the child are not close and that Appellant had to be coaxed to interact with the child during their visits. Appellant missed about half of his scheduled visits with the *82 boy, and he usually stayed no longer than thirty minutes for each visit, although each visit was scheduled to last an hour.
Additionally, the evidence shows that the child has had behavioral issues, that he has ADHD and depression, for which he must be medicated, that he has speech problems requiring therapy, and that he has made several outcries of sexual assault. Given the circumstances of both Appellant and the child, and based on the applicable standard of review,[8] we hold that the evidence is factually sufficient to support the finding that Appellant engaged in conduct that endangered A.J.H.'s well-being. We overrule the fourth issue and do not reach the remaining issues.[9] We note that Appellant has not challenged the best interest finding.[10]
Having disposed of Appellant's six issues, we affirm the trial court's order of termination.
NOTES
[1] TEX. FAM.CODE ANN. § 263.405(i) (Vernon Supp.2006).
[2] Id.; see also In re D.A.R., 201 S.W.3d 229 (Tex.App., 2006, no pet. h.) (holding that section 263.405(i) bars this court from considering issues not appearing in a timely-filed statement of points).
[3] See HOUSE COMM. ON JUVENILE JUSTICE AND FAMILY ISSUES, BILL ANALYSIS, Tex. H.B. 409, 79th Leg., R.S. (2005) (providing that if a party points out a mistake warranting a new trial, the trial court can immediately order a new trial, accomplishing the legislative policy of decreasing postjudgment delay in termination cases).
[4] Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985); In re E.S.S., 131 S.W.3d 632, 636 (Tex.App.-Fort Worth 2004, no pet.).
[5] See TEX. FAM.CODE ANN. § 161.001(1)(E) (Vernon Supp.2006).
[6] In re W.J.H., 111 S.W.3d 707, 715-16 (Tex.App.-Fort Worth 2003, pet. denied) (citations omitted).
[7] In re R.W., 129 S.W.3d 732, 739 (Tex.App.-Fort Worth 2004, pet. denied) (citations omitted).
[8] See In re C.H., 89 S.W.3d 17, 25 (Tex.2002).
[9] See TEX.R.APP. P. 47.1; see also In re A.V., 113 S.W.3d 355, 362 (Tex.2003) ("Only one predicate finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest.").
[10] See TEX. FAM.CODE ANN. § 161.001; In re J.L., 163 S.W.3d 79, 84 (Tex.2005) (providing that petitioner must establish one or more of the acts or omissions enumerated under subdivision (1) of the statute and must also prove that termination is in the best interest of the child).