In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00066-CV


______________________________



 


IN THE INTEREST OF


N.L.G., A MINOR CHILD





 


On Appeal from the 5th Judicial District Court


Cass County, Texas


Trial Court No. 05-C-004




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 Rachel G. and Thomas D. (1) appeal the termination of their parental rights of their
twenty-two-month-old son, N.L.G. 

Background

 On Sunday morning, January 2, 2005, police responded to a rancher's call that
people were on top of a tank in his field and "acting very strangely." Police found Rachel
standing on top of a ten-foot storage tank and holding her then-approximately six-month-old son. Rachel was high on methamphetamine and told police she and the baby had
been out all night and were being chased by a pack of wild dogs, which were actually cattle
in an adjacent field. Despite temperatures in the forties, the baby was naked except for
his diaper. The baby was taken to the hospital, and Rachel was arrested. From jail, and
while still high and "incoherent," Rachel told a Child Protective Services (CPS) (2) investigator
she had lost her son for about two hours the prior night in the woods. The CPS worker
testified she observed that the baby was dirty and "looked like he hadn't eaten in a while." 
The emergency room nurse testified that the baby was dehydrated and malnourished. The
baby also tested positive for trace amounts of methamphetamine. 

 With Rachel in jail on child endangerment, and Thomas in jail awaiting sentencing
on a prior conviction for burglary, CPS placed N.L.G. in foster care. Sixteen months later,
CPS, now joined by N.L.G.'s foster parents as intervenors, went to trial to terminate
Rachel's and Thomas' parental rights.

The Intervenors and Due Process

 The parents' first issue on appeal is that the conduct of the trial violated their
due-process rights "because Intervenor was allowed to force a jury trial, present evidence
otherwise not admissible, and argue in a manner not allowed by Child Protective Services
in a termination case." In their brief, the parents elaborate with several subsidiary points
of error arising from the intervenors' participation in this matter: the intervenors' improper
motive in requesting a jury trial, the introduction of prejudicial photographic evidence that
was possible only through the intervenors' participation, improper jury argument that N.L.G.
would have a better life with the wealthy intervenors over the poor parents, and the
intervenors' improper jury argument to end N.L.G.'s "torture." However, none of these
complaints were preserved for appeal. 

 We, as an appellate court, "may not consider any issue that was not specifically
presented to the trial court in a timely filed statement of the points on which the party
intends to appeal . . . ." Tex. Fam. Code Ann. § 263.405(i) (Vernon Supp. 2006). The
parents' "statement of appellate points" was timely filed, but did not include any complaint
of error concerning the intervenors' presence at trial, other than a complaint regarding the
presentation of "identical, cumulative, and repetitive evidence to the jury." For those points
of error now claimed that were not specifically presented to the trial court in the statement
of points, "under the express terms of the statute, there is no contention of error that can
be raised that we may consider on appeal." In re H.H.H., No. 06-06-00093-CV, 2006 Tex.
App. LEXIS 8563, at *2 (Tex. App.--Texarkana Oct. 4, 2006, no pet. h.); see also In re
D.A.R., 201 S.W.3d 229 (Tex. App.--Fort Worth 2006, no pet.). Those points of error
regarding the intervenors, other than the presentation of cumulative evidence, are therefore
overruled as improperly preserved under Section 263.405(i). See Tex. Fam. Code Ann.
§ 263.405(i). 

 We now address the parents' claimed error in "the fundamental unfairness and lack
of due process" in allowing the foster parent intervenors, CPS, and the child's attorney ad
litem to present "unduly repetitious, cumulative, and identical" evidence. While this error
was properly preserved in the statement of points, the parents (1) inadequately briefed the
issue on appeal, and (2) did not properly object to any alleged errors at trial.

 When the brief contains no authority to support its argument, a point is inadequately
briefed. Bowles v. Reed, 913 S.W.2d 652, 661 (Tex. App.--Waco 1995, writ denied). 
Rule 38.1(h) and its predecessor, former Rule 74(f), have consistently been found to mean
that an appellant presents the court of appeals with nothing to review when such appellant
fails to cite any authority for the argument or arguments in his or her points of error. Id.;
see also Tex. R. App. P. 38.1(h); Hunter v. NCNB Tex. Nat'l Bank, 857 S.W.2d 722, 725
(Tex. App.--Houston [14th Dist.] 1993, writ denied); Malouf v. Dallas Athletic Country
Club, 837 S.W.2d 674, 678 (Tex. App.--Dallas 1992, writ dism'd w.o.j.); Essex Crane
Rental Corp. v. Striland Constr. Co., 753 S.W.2d 751, 756 (Tex. App.--Dallas 1988, writ
denied). Thus, a point of error not adequately supported by either argument or authorities
is waived. See Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex.
1994) (discussing "longstanding rule" that point may be waived due to inadequate briefing);
Ralston Purina Co. v. McKendrick, 850 S.W.2d 629, 637 (Tex. App.--San Antonio 1993,
writ denied).

 The parents' brief contains many citations to those parts of the record in which the
intervenors' attorney buttressed the State's case in the process of cross-examining one of
the State's witnesses. The parents do not, however, point to any authority, and we are
aware of none, in support of the parents' broad conclusion that this "unduly repetitious,
cumulative, and identical" evidence implicates any "fundamental unfairness and lack of due
process." Neither do the parents bring to our attention any authority in support of the
proposition that the court committed any error, let alone constitutional error. Cf. Russell
v. Dunn Equip., Inc., 712 S.W.2d 542, 545-46 (Tex. App.--Houston [14th Dist.] 1986, writ
ref'd n.r.e.) (allowing multiple parties right to question a single witness is within the court's
discretion since, otherwise, nonquestioning party's "right to be represented by counsel of
his choice would be effectively destroyed"). 

 Moreover, the parents' record references do not indicate that the parents objected
to any of these alleged errors during the trial. Indeed, the only objection the parents
present for our review is a nonobjection recorded at the start of the second day of trial: the
record indicates the parents complained of the repetitious questioning; the trial court noted
that it was unsure such questioning was objectionable and that, in any case, it had heard
no prior objection; and the parents' counsel indicated he would object to the questionable
tactic in the future "[i]f it arises." The record portions the parents reference on appeal do
not include any objections, we are unaware of any additional subsequent objections, and
we decline to comb the seven-volume reporter's record of this week-long trial to find one. 
When the appellant does not provide us with argument that is sufficient to make an
appellate complaint viable, we will not perform an independent review of the record and
applicable law in order to determine whether the error complained of occurred. Ferguson
v. DRG/Colony N., Ltd., 764 S.W.2d 874, 887 (Tex. App.--Austin 1989, writ denied); Most
Worshipful Prince Hall Grand Lodge v. Jackson, 732 S.W.2d 407, 412 (Tex. App.--Dallas
1987, writ ref'd n.r.e.). We will not do the job of the advocate. See Jackson, 732 S.W.2d
at 412; Maranatha Temple, Inc. v. Enter. Prods. Co., 893 S.W.2d 92, 106 (Tex.
App.--Houston [1st Dist.] 1994, writ denied). For failure to preserve the issue for appeal,
and for inadequately briefing the issue on the law and facts, we overrule the claimed error.

No/Insufficient Evidence Complaint

 The parents' second issue presented is: "There is no evidence, or insufficient
evidence, to support the jury's affirmative findings that: 1. the parent-child relationship
between Rachel . . . and [N.L.G.] be terminated; 2. the parent-child relationship between
Thomas . . . and [N.L.G.] be terminated." This corresponds with the parents' first claimed
appellate point in their statement of points given to the trial court: "There is insufficient
evidence in the record of this case to support the jury's finding in the affirmative as to
termination of the parent/child relationship existing between Respondents and the minor
child." Both the State and the intervenors assert on appeal that the parents' statement of
this point is insufficiently specific under Section 263.405(i) to allow us to consider it. See
Tex. Fam. Code Ann. § 263.405(i).

 The Legislature amended Section 263.405 last year to include subsection (i). Act
of April 20, 2005, 79th Leg., R.S., ch. 176, § 1, 2005 Tex. Gen. Laws 332. In addition to
prohibiting courts of appeals' consideration of issues not "specifically presented" in the
statement of points, section (i) states that "[f]or purposes of this subsection, a claim that
a judicial decision is contrary to the evidence or that the evidence is factually or legally
insufficient is not sufficiently specific to preserve an issue for appeal." Tex. Fam. Code
Ann. § 263.405(i). The plain language of the statute indicates the Legislature intended to
bar our consideration of global, nonspecific claims of evidentiary insufficiency in a
statement of points. Accord In re A.C.A., No. 13-05-610-CV, 2006 Tex. App. LEXIS 3759
(Tex. App.--Corpus Christi May 4, 2006, no pet.) (mem. op.) (a statement that "evidence
was factually and legally insufficient to support the judgment" in motion for new trial "is
insufficient to preserve the issue for appeal" under Section 263.405(i)). But cf. In re A.J.H.,
No. 02-06-083-CV, 2006 Tex. App. LEXIS 8430, at *1 (Tex. App.--Fort Worth Sept. 28,
2006, no pet.) (finding statement of points sufficiently specific when evidentiary sufficiency
point references specific paragraphs of judgment and specific grounds of termination). 
Because the parents' statement of points did not reference any specific area of evidentiary
insufficiency but, instead, generally stated the evidence was insufficient, we are
constrained to overrule the parents' second issue for insufficient specificity per Section
263.405(i). (3) 

Jury Charge Error Complaint

 The parents' final issue on appeal is that the court erred in submitting to the jury
certain grounds for termination not supported by the evidence. 

 The Grounds for Termination of Rachel's Parental Rights

 The court charged the jury that, for termination of Rachel's parent-child relationship,
it must find by clear and convincing evidence either:

 1. That Rachel . . . , has knowingly placed or knowingly allowed the
child to remain in conditions or surroundings which endanger the physical or
emotional well-being of the child; (4) OR

 

 2. That Rachel . . . , has engaged in conduct or knowingly placed the
child with persons who engaged in conduct which endangers the physical or
emotional well-being of the child, (5) OR

 

 3. That Rachel . . . , failed to comply with the provisions of a court
order that specifically established the actions necessary for the mother to
obtain the return of the child who has been in the temporary managing
conservatorship of the Department of Family and Protective Services for not
less than nine months as a result of the child's removal from the parent for
abuse or neglect of the child, (6) OR

 

 4. That Rachel . . . , used a controlled substance, as defined by Chapter
481, Health and Safety Code, in a manner that endangered the health or
safety of the child, and that, either she:


 1. failed to complete a court ordered substance abuse treatment program;
or


 2. after completion of a court ordered substance abuse treatment program,
she continued to abuse a controlled substance. (7)


Rachel challenges the submission of the fourth ("Subsection P") ground for termination. 
Rachel asserts that the Subsection P ground was improperly submitted, despite her
admitted use of a controlled substance, since the evidence indicated she did complete all
ordered treatment and no evidence indicates her continued abuse. While this point of error
on appeal tracks the complaint made in the statement of points, it does not track the
objection made to the trial court before the submission of the charge to the jury. (8)

 A party objecting to a charge must point out distinctly the
objectionable matter and the grounds of the objection. Any complaint as to
a question, definition, or instruction, on account of any defect, omission, or
fault in pleading, is waived unless specifically included in the objections. 


Tex. R. Civ. P. 274; see also Tex. R. App. P. 33.1(a). 


 There is only one test for "determining if a party has preserved error in the jury
charge, and that is whether the party made the trial court aware of the complaint, timely
and plainly, and obtained a ruling." State Dep't of Highways & Public Transp. v. Payne,
838 S.W.2d 235, 241 (Tex. 1992); De Leon v. Furr's Supermarkets, Inc., 31 S.W.3d 297,
299 (Tex. App.--El Paso 2000, no pet.). The only timely and plain objection to the trial
court's inclusion of the Subsection P ground was that "the uncontroverted evidence
established that although [Rachel] didn't complete a court-ordered substance abuse
program, it was impossible for her to do so because they would not accept her into the
program." Rachel has now abandoned this alleged point of error--i.e., that Rachel failed
to comply with the court-ordered treatment only because completion of that treatment was
an impossibility--in favor of a new point of error. Rachel now claims (in the statement of
points and in the brief on appeal) not that she could not comply with treatment the court
ordered, but that she did comply, apparently through completion of a different program. 
Additionally, Rachel now also claims there is no evidence of her continued drug use. 
Because the claims of error on appeal do not comport with the objection made at trial, and
because the trial court was not made aware of the error now claimed, Rachel has waived
the issue on appeal. See Tex. R. App. P. 33.1(a); Tex. R. Civ. P. 274; In re B.L.D., 113
S.W.3d 340, 349 (Tex. 2003). The point of error is overruled.

 The Grounds for Termination of Thomas' Parental Rights

 The court charged the jury that, for termination of Thomas' parent-child relationship,
it must find by clear and convincing evidence either:

 1. Thomas . . . , has knowingly placed or knowingly allowed the child
to remain in conditions or surroundings which endanger the physical or
emotional well-being of the child; (9) OR


 2. Thomas . . . , has engaged in conduct or knowingly placed the
child with persons who engaged in conduct which endangers the physical or
emotional well-being of the child, (10) OR


 3. Thomas . . . , voluntarily, and with knowledge of the pregnancy,
abandoned the mother of the child beginning at a time during her pregnancy
with the child and continuing through the birth, failed to provide adequate
support or medical care for the mother during the period of abandonment
before the birth of the child, and remained apart from the child or failed to
support the child since the birth, (11) OR


 4. Thomas . . . , knowingly engaged in criminal conduct that has
resulted in his conviction of an offense and confinement or imprisonment for
not less than two years from the date of filing the petition for termination,
thereby, resulting in an inability to care for the child. (12)


Thomas challenges the submission of the third ("Subsection H") and fourth
("Subsection Q") grounds for termination. 

 Thomas did not claim error in the submission of the Subsection Q ground in his
statement of points. Therefore, we may not consider it, and must overrule this point of
error. See Tex. Fam. Code Ann. § 263.405(i). While Thomas did raise the alleged error
in the submission of the Subsection H grounds in his "statement of points," he did not raise
this objection to the trial court before the submission of the charge to the jury. Thomas
has, therefore, waived the issue on appeal. See Tex. R. App. P. 33.1(a); Tex. R. Civ. P.
274; B.L.D., 113 S.W.3d at 349. The point of error is overruled.

Conclusion

 For the foregoing reasons, we affirm the judgment.




 Donald R. Ross

 Justice


Date Submitted: October 23, 2006

Date Decided: December 14, 2006
1. To protect the parties' privacy, we refer to the parents separately by their first
names, and to the child by the initials. See Tex. Fam. Code Ann. § 109.002(d) (Vernon
2002). We refer to Rachel and Thomas collectively as "the parents."
2. In the record on appeal, the agency is referred to by several different acronyms: 
CPS, DFS, DFPS, etc. For simplicity, we will use only the acronym "CPS."
3. We note the parents have not raised a constitutional challenge to this section of the
Texas Family Code. The legislative history of section (i) indicates it was enacted in
response to "recent appellate decisions [that] effectively repealed the Legislature's attempt
to address the post-judgment delay issue." House Comm. on Juv. Just. & Fam. Issues, Bill
Analysis, Tex. H.B. 409, 79th Leg., R.S. (2005). The history indicates that the amendment
was intended to "conclusively establish that the Legislature expects litigants to comply" with
the statement of points requirement. Id. From this context, it seems the Legislature
probably intended this part of the amendment to prohibit future appellants' and appeals
courts' further circumvention of the "Statement of Points" requirement. In other words, it
appears the Legislature intended to ensure that courts would not allow a generalized
evidentiary sufficiency complaint to encompass all possibly related and/or subsidiary points
of error. Nonetheless, the express language of the statute does not limit itself to prohibiting
such use of evidentiary sufficiency points to bolster other claims of error not specifically
mentioned in the statement of points. It is worded so as to preclude claims of evidentiary
sufficiency themselves, if not "specifically presented." See Tex. Fam. Code Ann.
§ 263.405(i). 

 We note our concern that the statute, as written, prohibits a general assertion of
factual and legal insufficiency of the evidence in a situation like the one presented to us
here where (1) the indigent parents were required to file a statement of points before the
hearing to obtain a copy of the record and appointment of appellate counsel; (2) the
parents' evidentiary insufficiency point of error tracks the broad-form jury verdict that did
not itself specify the grounds for termination or separately make a finding of the child's best
interest; and (3) the point of error tracks the order of judgment that broadly, globally, and
nonspecifically stated that the parent-child relationship is terminated. In these
circumstances, which are not too unusual in parental-termination cases, the requirement,
at the trial court level, of a more specific statement of how the evidence is legally and
factually insufficient does not seem necessary to accomplish the Legislature's goal of
allowing the trial court to be made aware of "mistakes that could have been quickly and
easily corrected" since the court must review all the evidence on each possible ground for
termination presented. House Comm. on Juv. Just. & Fam. Issues, Bill Analysis, Tex. H.B.
409, 79th Leg., R.S. (2005). 
4. This tracks Tex. Fam. Code Ann. § 161.001(1)(D) (Vernon Supp. 2006).
5. This tracks Tex. Fam. Code Ann. § 161.001(1)(E) (Vernon Supp. 2006).
6. This tracks Tex. Fam. Code Ann. § 161.001(1)(O) (Vernon Supp. 2006).
7. This tracks Tex. Fam. Code Ann. § 161.001(1)(P) (Vernon Supp. 2006).
8. Though the charge conference was held off the record, the trial court heard
objections to the final charge on the record. 
9. This tracks Tex. Fam. Code Ann. § 161.001(1)(D).
10. This tracks Tex. Fam. Code Ann. § 161.001(1)(E).
11. This tracks Tex. Fam. Code Ann. § 161.001(1)(H) (Vernon Supp. 2006).
12. This generally tracks Tex. Fam. Code Ann. § 161.001(1)(Q) (Vernon Supp. 2006).



 mso-border-insideh-themecolor:text1;
 mso-border-insidev:.5pt solid black;
 mso-border-insidev-themecolor:text1;
 mso-para-margin:0in;
 mso-para-margin-bottom:.0001pt;
 text-align:justify;
 text-justify:inter-ideograph;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;}











 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00209-CR

                                                ______________________________

 

 

                                 VERTIS DARNELL JAMES,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                        On Appeal from the 71st Judicial District Court

                                                           Harrison County, Texas

                                                         Trial Court
No. 09-0303X

 

                                                     
                                             

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Vertis
Darnell James, appellant, has filed with this Court a motion to dismiss his
appeal.  The motion is signed by James
and by his counsel in compliance with Rule 42.2(a) of the Texas Rules of
Appellate Procedure.  See Tex.
R. App. P. 42.2(a).  As authorized
by Rule 42.2, we grant the motion.  See Tex.
R. App. P. 42.2.

            Accordingly,
we dismiss the appeal.

 

 

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          March
8, 2010

Date Decided:             March
9, 2010

 

Do Not Publish