NO. 07-07-0489-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 28, 2008

______________________________


IN THE INTEREST OF R.L.M., B.M.M., C.M.,
                                                      J.N.M., J.A., T.T. and J.J.R.

_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-532,950; HON. KEVIN HART, PRESIDING

_______________________________

On Abatement and Remand
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ. 
          Appellant Juaquin Martinez, Jr., appeals from the termination of his parental rights
to his minor children, B.M.M., C.M., J.N.M., and J.J.R. His appointed counsel has filed a
motion to withdraw, together with an Anders


 brief, wherein she certified that, after
diligently searching the record, she concluded that the appeal was without merit.


 Along
with her brief, counsel attached a copy of a letter sent to appellant informing him of
counsel’s belief that there was no reversible error and of appellant’s right to file a response
or brief pro se. By letter dated May 5, 2008, this court notified appellant of his right to file
a response and set June 4, 2008, as the deadline to do so. Appellant filed his response
on May 20, 2008.  
          Appellate counsel has noted in her brief that a motion for new trial and statement
of points of error was filed in which appellant attacked the sufficiency of the evidence to
support the statutory bases for termination as well as the finding that termination was in
the best interest of the children. However, she further notes that a global statement that
evidence is insufficient is not specific enough to preserve the issues for appeal. See Tex.
Fam. Code Ann. §263.405(i) (Vernon Supp. 2007) (stating that a claim that a judicial
decision is contrary to the evidence or that the evidence is factually or legally insufficient
is not sufficiently specific to preserve an issue for appeal). 
           Yet, we note that in his statement of points, appellant did not merely make a global
challenge of insufficiency but instead set forth each specific finding of the court and
asserted a challenge to the sufficiency of the evidence of each specific finding. We believe
this was specific enough to apprise the trial court of the complaint and to preserve the
issues for appeal. See In re S.K.A., 236 S.W.3d 875, 899 (Tex. App.–Texarkana 2007,
pet. filed) (finding that the appellant’s complaints as to each of the separate grounds of
termination and the best interest finding were sufficient to meet the statute); In re A.J.H.,
205 S.W.3d 79, 80-81 (Tex. App.–Fort Worth, 2006, no pet.) (finding that error was
preserved when the statement of points referenced specific paragraphs of the judgment
and specific grounds of termination). However, appellate counsel did not brief these
arguable grounds having believed them to be waived. 
          Accordingly, the motion to withdraw of appellate counsel is granted, and the cause
is abated and remanded to the trial court for the appointment of new counsel. The trial
court shall further order the newly appointed counsel to file an appellant’s brief, as per the
Texas Rules of Appellate Procedure, developing the aforementioned grounds and all other
grounds that might support reversal or modification of the judgment. The deadline for filing
appellant’s brief with the clerk of this court is July 27, 2008. Any responding brief which
the State wishes to file shall be filed within 30 days after the filing of appellant’s brief. 
Finally, the trial court shall cause the name, address, and state bar number of the newly
appointed counsel to be included in a supplemental transcript which transcript shall be filed
with the clerk of the court by June 27, 2008. 
 
                                                                           Per Curiam