NO. 07-07-0489-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 28, 2008

______________________________

IN THE INTEREST OF R.L.M., B.M.M., C.M.,

 J.N.M., J.A., T.T. and J.J.R.

_________________________________

FROM THE 140
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-532,950; HON. KEVIN HART, PRESIDING

_______________________________

On Abatement and Remand

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ. 

Appellant Juaquin Martinez, Jr., appeals from the termination of his parental rights to his minor children, B.M.M., C.M., J.N.M., and J.J.R.  His appointed counsel has filed a motion to withdraw, together with an Anders
(footnote: 1) brief, wherein she certified that, after diligently searching the record, she concluded that the appeal was without merit.
(footnote: 2)  Along with her brief, counsel attached a copy of a letter sent to appellant informing him of counsel’s belief that there was no reversible error and of appellant’s right to file a response or brief 
pro se.  
By letter dated May 5, 2008, this court notified appellant of his right to file a response and set June 4, 2008, as the deadline to do so.  Appellant filed his response on May 20, 2008.       

Appellate counsel has noted in her brief that a motion for new trial and statement of points of error was filed in which appellant attacked the sufficiency of the evidence to support the statutory bases for termination as well as the finding that termination was in the best interest of the children.  However, she further notes that a global statement that evidence is insufficient is not specific enough to preserve the issues for appeal.  
See 
Tex. Fam. Code Ann. 
§263.405(i) (Vernon Supp. 2007) (stating that a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal). 

 Yet, we note that in his statement of points, appellant did not merely make a global challenge of insufficiency but instead set forth each specific finding of the court and asserted a challenge to the sufficiency of the evidence of each specific finding.  We believe this was specific enough to apprise the trial court of the complaint and to preserve the issues for appeal.  
See In re S.K.A., 
236 S.W.3d 875, 899 (Tex. App.–Texarkana 2007, pet. filed) (finding that the appellant’s complaints as to each of the separate grounds of termination and the best interest finding were sufficient to meet the statute); 
In re A.J.H., 
205 S.W.3d 79, 80-81 (Tex. App.–Fort Worth, 2006, no pet.) (finding that error was preserved when the statement of points referenced specific paragraphs of the judgment and specific grounds of termination). However, appellate counsel did not brief these arguable grounds having believed them to be waived.  

Accordingly, the motion to withdraw of appellate counsel is granted, and the cause is abated and remanded to the trial court for the appointment of new counsel.  The trial court shall further order the newly appointed counsel to file an appellant’s brief, as per the Texas Rules of Appellate Procedure, developing the aforementioned grounds and all other grounds that might support reversal or modification of the judgment.  The deadline for filing appellant’s brief with the clerk of this court is July 27, 2008.  Any responding brief which the State wishes to file shall be filed within 30 days after the filing of appellant’s brief.  Finally, the trial court shall cause the name, address, and state bar number of the newly appointed counsel to be included in a supplemental transcript which transcript shall be filed with the clerk of the court by June 27, 2008. 

Per Curiam

FOOTNOTES
1:
Anders v. California, 
386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 492 (1967).  

2:
This court has held that appointed counsel may file an 
Anders
 brief in an appeal from an order terminating parental rights.  
See In re A.W.T., 
61 S.W.3d 87, 88 (Tex. App.
–
Amarillo 2001, no pet.).