Opinion filed July 23, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed July 23,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-08-00293-CV

                                                       ________

 

                                IN
THE INTEREST OF S.N., A CHILD

                                                              



 

                                         On
Appeal from the 326th District Court

                                  Taylor County,
Texas          

                                     Trial Court
Cause No. 6436-CX



                                                                   O
P I N I O N

This is an
accelerated appeal from the trial court=s
order terminating appellant=s
parental rights.  We affirm.

Background
Facts








Appellant
is the father of S.N.  T.M. is the mother of S.M. and S.N.  T.M. and appellant
lived together with S.M. and S.N.  In March 2007, S.M. and S.N. were removed
from the home.   The Texas Department of Family and Protective Services
received information that appellant had hit S.M. and left bruises on her arms
and thighs.  The Department also learned that the parents used drugs in the
home and that appellant was abusive to T.M.  The Department filed a Petition
for Protection of a Child, for Conservatorship, and for Termination in Suit
Affecting Parent-Child Relationship.  Appellant was subsequently charged with
injury to a child for hitting S.M.  Appellant pleaded no contest to the charge
and was sentenced to fifteen years confinement.  At the time of the termination
hearing, appellant was in prison and would be eligible for parole in February
2009.  In its petition, the Department alleged five acts or omissions as the
basis for terminating appellant=s
parental rights to S.N.  It alleged that he:

13.1     knowingly
placed or knowingly allowed the child to remain in conditions or surroundings
which endanger the physical or emotional well-being of the child;

 

13.2     engaged
in conduct or knowingly placed the child with persons who engaged in conduct
which endangers the physical or emotional well-being of the child;

 

13.3     knowingly
engaged in criminal conduct that has resulted in the parent=s:

 

(i) conviction of
an offense; and

 

(ii) confinement or
imprisonment and inability to care for the child for not less than two years
from the date of filing of the petition;

 

13.4     been
convicted or has been placed on community supervision, including deferred
adjudication community supervision, for being criminally responsible for the
death or serious injury of a child under the following sections of the Penal
Code or adjudicated under Title 3 for conduct that caused the death or serious
injury of a child and that would constitute a violation of one of the following
Penal Code sections:

 

' 22.04 (injury to a child,
elderly individual, or disabled individual)

 

13.5     failed
to comply with the provisions of a court order that specifically established
the actions necessary for the father to obtain the return of the child who
[has] been in the permanent or temporary managing conservatorship of the
Department of Family and Protective Services for not less than nine months as a
result of the child=s
removal from the parent under Chapter 262 for the abuse or neglect of the
child.

 

The trial court
received evidence pertaining to the termination at a bench trial.  At the
conclusion of the trial, the court found that appellant had engaged in criminal
conduct that resulted in his confinement and inability to care for his child
for not less than two years and that he had been convicted of injury to a
child.  The trial court also found that termination was in S.N.=s best interest.  The
written termination order was filed on October 6, 2008.  On October 14, 2008,
appellant filed a notice of appeal and statement of points on which he intended
to appeal.  He identified the following complaints in his statement of points
on appeal:  








1.         Texas
Family Code 263.405(b) is unconstitutional and violates [appellant=s] rights to due process
and equal protection under Article [I], '
12 of the Constitution of the State of Texas and the 5th and 14th
Amendments to the United States Constitution. 

 

2.         Texas
Family Code 263.405(i) is unconstitutional and violates [appellant=s] rights to due process
and equal protection under Article [I], '
12 of the Constitution of the State of Texas and the 5th and 14th
Amendments to the United States Constitution.  

 

3.         The
evidence adduced at trial (or any prior hearing) was both legally and factually
insufficient to establish by clear and convincing evidence that the termination
of [appellant=s]
parental rights was in the best interest of the children as set forth in
paragraph 7.1 of the Termination Order. 

 

4.         The
evidence adduced at trial (or any prior hearing) was both legally and factually
insufficient to establish by clear and convincing evidence that [appellant] has
been convicted for being criminally responsible for the injury of a child constituting
a violation of ' 22.04
of the Texas Penal Code as set forth in paragraph 7.2.1 of the termination
order. 

 

5.         The
evidence adduced at trial (or any prior hearing) was both legally and factually
insufficient to establish by clear and convincing evidence [appellant]
knowingly engaged in criminal conduct that resulted in the conviction of an
offense and confinement or imprisonment and inability to care for the child for
not less than two years from the date of filing the petition as set forth in
paragraph 7.2.2 of the termination order.

 

The trial court
held a hearing to determine if any of appellant=s
points were frivolous and found that Points One and Two were not frivolous and
that Points Three, Four, and Five were frivolous.  Appellant does not challenge
this finding. 

Issues
on Appeal

Appellant
raises three issues on appeal.  First, he argues that Tex. Fam. Code Ann. ' 263.405(b)
(Vernon 2008) is unconstitutional because it deprives indigent parents their
due process rights.  Next, appellant argues that Tex. Fam. Code Ann. '
263.405(i) (Vernon 2008) is unconstitutional because it violates the doctrine
of separation of powers.  Finally, he asserts that Section 263.405(i) is
unconstitutional because it deprives indigent parents of their due process
rights.           Standard of Review








A
party may challenge a statute as being unconstitutional on its face or as
applied to that party.  Tex. Workers=
Comp. Comm=n v.
Garcia, 893 S.W.2d 504, 518 n.16 (Tex. 1995); City of Corpus Christi v.
Pub. Util. Comm=n
of Tex., 51 S.W.3d 231, 240-41 (Tex. 2001).  It is unclear whether
appellant is attacking the constitutionality of Tex. Fam. Code Ann. '
263.405 (Vernon 2008) on its face or as it is applied to him; therefore, we
will discuss both a facial challenge and an as-applied challenge.  To sustain a
facial challenge, the party must show that the statute, by its terms, always
operates unconstitutionally.  Garcia, 893 S.W.2d at 518.  To sustain an
as-applied challenge, the party must show that the statute is unconstitutional
when applied to that particular person or set of facts.  Id.  In
determining if due process is accorded a parent in a termination proceeding we
consider the following:  (1) the private interest affected by the proceeding or
official action; (2) the countervailing governmental interest supporting the
use of the challenged proceeding; and (3) the risk of an erroneous deprivation
of that private interest due to the procedures used.  Mathews v. Eldridge,
424 U.S. 319, 335 (1976).

Facial
Challenge to Section 263.405(b) and (i)

A
parent appealing the termination of his or her parental rights has a right to a
meaningful appeal.  In re M.S., 115 S.W.3d 534 (Tex. 2003).  The
legislature has adopted a process to appeal termination orders.  That process
includes the appointment of counsel for indigent parents.  See Section 
263.405(e).   Included in that process are certain procedural requirements and
limitations not present in ordinary civil appeals.  For example, a statement of
points on which a party intends to appeal must be presented to the trial court
within fifteen days after the signing of the termination order.  Section
263.405(b).  An appellate court may not consider any issue that was not specifically
presented to the trial court in a timely filed statement of points on which the
party intends to appeal.  Section 263.405(i) (Aa
claim that a judicial decision is contrary to the evidence or that the evidence
is factually or legally insufficient@
does not preserve an issue for appeal).  A statement of points is specific
enough when it allows the trial court to correct any erroneous findings on the
challenged grounds.  Adams v. Tex. Dep=t
of Family & Protective Servs., 236 S.W.3d 271, 278 (Tex. App.CHouston [1st Dist.] 2007,
no pet.);  In re A.J.H., 205 S.W.3d 79, 81 (Tex. App.CFort Worth 2006, no pet.). 








 If
an indigent parent timely files a statement of points on which the parent
intends to appeal, the trial court must hold a hearing within thirty days after
the termination order is signed to determine (1) whether a new trial should be
granted, (2) whether the parent=s
claim of indigence should be sustained, and (3) whether the appeal is frivolous
as provided by Tex. Civ. Prac. &
Rem. Code Ann. '
13.003 (Vernon 2002).  Section 263.405(d).  If the trial court determines that
the appeal is frivolous, the indigent parent is not entitled to obtain a free
record on appeal.  Section 13.003(a). 

The
legislature has mandated these procedures in an effort to decrease postjudgment
delays in termination cases when the children are under the Department=s care.  In re M.N.,
262 S.W.3d 799, 803 (Tex. 2008).  However, the supreme court has stated that
the legislative intent was not to unfairly or unreasonably preclude parents
from appealing final orders and that the legislature adopted the provisions of
Section 263.405 in light of the civil and appellate rules of procedure.   Id. 
Consequently, parents may ask for an extension of time to file the statement of
points pursuant to Tex. R. Civ. P. 5.[1] 
In re M.N., 262 S.W.3d at 803.  Further, if the trial court finds that
the appeal is frivolous , the indigent parent may appeal this determination and
is entitled to obtain a free record of that hearing for appeal purposes.  Section
263.405(g).  

In
light of these procedural safeguards, appellant has not demonstrated how the
statute always causes an erroneous deprivation of parental rights.  If counsel
needs a reporter=s
record to prepare a statement of points, the trial court has the authority to
extend the Section 263.405(b) fifteen-day deadline.  The statute, therefore,
does not deprive an indigent parent the ability to prosecute a meaningful
appeal.  Section 263.405(b) and (i) is not unconstitutional on its face. 

As-Applied
Challenge to Section 263.405(b) and (i)








In
this case, the trial court held three hearings in which appellant did not have
appointed counsel.  But, the trial court appointed appellant an attorney over
eight months prior to the final hearing on the issue of termination of his
rights.  Appellant=s
appointed counsel remained his attorney throughout the period immediately
following the entry of termination, and he remains his attorney on appeal. 
Appellant filed a timely statement of points, and the trial court held a
hearing to determine if appellant=s
statement of points on that he intended to appeal contained points that were
frivolous.  The trial court found that appellant=s
legal and factual sufficiency points were frivolous. 

Appellant
argues that his due process rights were violated because he was required to
file a statement of points that he intended to appeal before the preparation of
the reporter=s
record.  Appellant argues that, without a complete reporter=s record, he was unable to
raise errors that might have occurred prior to his attorney=s appointment.  We
disagree.  Counsel did not ask for an extension of time to file the statement
of points in order to obtain the reporter=s 
record.  Further, counsel had time to discuss the points presented at the
previous hearings with appellant, T.M.=s
attorney, and the children=s
attorney ad litem.  Counsel also had access to the clerk=s file to review the petition, the service
plan, and the progress reports that described the events leading up to the removal
of the children and the decision to proceed with termination.  Moreover,
appellant does not identify any alleged errors that occurred prior to the
appointment of his counsel that he was prevented from raising.

Appellant
also argues that his due process rights were violated because he was prevented
from raising a legal and factual sufficiency of the evidence challenge. 
Appellant did not appeal the trial court=s
finding that his legal and factual sufficiency points were frivolous.  Further,
on appeal, appellant attacks the trial court=s
determination that he failed to comply with the family service plan.  The trial
court did not terminate his parental rights based on his failure to comply with
the family service plan.  The trial court found by clear and convincing
evidence that appellant had engaged in criminal conduct that resulted in his
confinement and inability to care for his child for not less than two years and
that he had been convicted of injury to a child.  Appellant does not challenge
these findings on appeal.  Consequently, he has not presented a valid challenge
to the sufficiency of the evidence for the trial court=s termination order.  Because appellant did
not avail himself of the procedural safeguards in the statute and did not
identify any meritorious claims, we hold that Section 263.405(b) and (i)
do not operate to violate appellant=s
due process rights.  We overrule appellant=s
first and third issues.  

 Section
263.405(i) Violates Separation of Powers








Appellant
next argues that Section 263.405(i) is unconstitutional because it violates the
separation of powers doctrine as set forth in Article II, section 1 of the
Texas Constitution.  Appellant argues that Section 263.405(i) prevents him from
raising a legal and factual sufficiency of the evidence challenge.  Because
appellant did not list this issue in his statement of points on which he
intends to appeal, he has waived this issue on appeal.  Furthermore, as stated
above, appellant has not presented a valid challenge to the sufficiency of the
evidence that the statute prevented him from presenting and precluded this
court from considering. We overrule appellant=s
second issue on appeal. 

Conclusion

We
affirm the judgment of the trial court. 

 

 

RICK STRANGE        

JUSTICE

 

July 23, 2009

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J. 

 









[1]Tex. R. Civ. P. 5 provides:

 

When by these rule or by a notice given thereunder or by order of court
an act is required or allowed to be done at or within a specified time, the
court for cause shown may, at any time in its discretion (a) with or without
motion or notice, order the period enlarged if application therefore is made
before the expiration of the period originally prescribed or as extended by a
previous order; or (b) upon motion permit the act to be done after the
expiration of the specified period where good cause is shown for the failure to
act.