

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00102-CV

_____

IN THE INTEREST OF D.C. AND D.C., CHILDREN

On Appeal from the 173rd Judicial District Court
Henderson County, Texas
Trial Court No. 2009A-502

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Frances and James, biological parents of D.C. and D.C., have had their parental rights terminated as to those children, each based on multiple grounds. Each parent's appeal fails due to procedural or structural failings, without reference to any substantive issues. We must affirm the trial court's judgment as to each parent because (1) Frances' statement of points on appeal does not preserve her claims for review, and (2) James does not challenge some of the independent grounds for termination.

*(1)    Frances' Statement of Points on Appeal Does Not Preserve Her Claims for Review*

Frances provided a single point of appeal in her amended motion for new trial:

[T]he judgment signed and entered herein on August 27, 2010 is contrary to the law and the evidence in that the evidence was insufficient to prove the grounds for termination of Movant's parental rights under the heavy burden required by the law for such termination. Movant's Points of Appeal are the same grounds, i.e., failure of the Petitioner to produce sufficient evidence to legally prove the alleged grounds for termination.

We may not consider "any issue not presented to the trial court in a timely filed statement of points." *See In re J.O.A.*, 283 S.W.3d 336, 341 (Tex. 2009). In a statement of points, "a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal." TEX. FAM. CODE ANN. § 263.405(i) (Vernon 2008). Frances' generic claim of factual insufficiency set out above is the type of point at which the statute is directed, and is insufficient to allow this Court to review her

2

point.[1]

In her brief, Frances raises a number of ways in which she believes the evidence is insufficient to support various findings by the jury. Under Section 263.405(i) of the Texas Family Code, we are not allowed to address her complaints.[2] As all of the issues raised by Frances are attacks on the sufficiency of the evidence to support termination, we must therefore affirm the termination as to her.

*(2)    James Does Not Challenge Some of the Independent Grounds for Termination*

James provided a much more extensive, and therefore sufficient, statement of points to be raised on appeal. In his brief on appeal, James contends that the trial court abused its discretion by commenting on the weight of evidence in a jury instruction given over James' objection:

> In this connection you are instructed that the fact that James . . . knowingly engaged in criminal conduct that has resulted in his conviction of an offense and confinement or imprisonment has been established as a matter of law.

---

[1] The tougher cases seem to draw the line between a too-general statement of points and one that is sufficiently specific to satisfy the statute by requiring that a statement at least focus the evidentiary-sufficiency attack on specific subsections of Section 161.001(1) of the Texas Family Code or to the specific violative behavior or fact issue as to each predicate finding being attacked on appeal. *See*, *e.g.*, *In re J.J.C.*, 302 S.W.3d 436 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (insufficient to refer to only "both grounds for termination"); *In re J.S.*, 291 S.W.3d 60 (Tex. App.—Eastland 2009, no pet.) (sufficient to refer to subsection (O) of Section 161.001(1)); *In re S.B.*, 207 S.W.3d 877 (Tex. App.—Fort Worth 2006, no pet.) (sufficient to refer to subsections (D) and (E)); *In re A.J.H.*, 205 S.W.3d 79 (Tex. App.—Fort Worth 2006, no pet.) (sufficient to refer to subsections (D), (E), and (N)).

[2] There is a limited exception to Section 263.405(i). In the case of *J.O.A.*, the high court held "that an ineffective assistance of counsel claim can be raised on appeal despite the failure to include it in a statement of points." 283 S.W.3d at 339. The court went on to find Section 263.405(i) unconstitutional as applied when it precludes a parent from raising a meritorious complaint about the insufficiency of the evidence supporting the termination order—as used to meet the second prong of *Strickland* by showing harm. *In re B.G.*, 317 S.W.3d 250 (Tex. 2010) (right to record despite lack of statement of points—necessary to show counsel was ineffective).

3

James also contends that his rights were violated because he was not informed or admonished—when he had, some years earlier, accepted a plea offer in a criminal case for indecency with a child by contact—that, because of his plea, his parental rights could be subject to restriction or termination. These issues are also set out in his statement of points for appeal, and thus are preserved for review.

We find, however, that we must affirm the termination as to James, in spite of his complaints on appeal.[3]

The jury found that, in support of the request to terminate James' parental rights, the State had proved four alleged predicate findings—under subsections (C), (N), (O), and (Q) of Section 161.001(1)—of the six that had been alleged, in addition to the mandatory finding that termination would be in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001(1)(C), (N), (O), (Q), (2) (Vernon Supp. 2010). James has attacked on appeal only the final predicate finding, under subsection (Q), and has not attacked the best-interest finding. Only one predicate finding under Section 161.001(1) is necessary to support a judgment of termination, when there is also a finding that termination is in the child's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re N.R.*, 101 S.W.3d 771, 775 (Tex. App.—Texarkana 2003, no pet.). "If multiple

---

[3]We do not, by so doing, suggest that the instruction was proper. In fact, under controlling caselaw, it appears that it was not. An instruction, even though a correct statement of the law, may still be error if it is a comment on the weight of the evidence. *In re V.L.K.*, 24 S.W.3d 338, 343 (Tex. 2000); *see Acord v. Gen. Motors Corp.*, 669 S.W.2d 111, 116 (Tex. 1984). To constitute a comment on the weight of the evidence, the instruction must indicate the trial court's opinion on the truth of the matter in question. *Crenshaw v. Kennedy Wire Rope & Sling Co.*, 327 S.W.3d 216, 223 (Tex. App.—San Antonio 2010, pet. granted); *Maddox v. Denka Chem. Corp.*, 930 S.W.2d 668, 671 (Tex. App.—Houston [1st Dist.] 1996, no writ); *Harris v. Gen Motors Corp.*, 924 S.W.2d 187, 188 n.1 (Tex. App.—San Antonio 1996, writ denied).

predicate grounds are found by the trial court, we will affirm based on any one ground because only one is necessary for termination of parental rights." *In re D.S.*, No. 07-10-00184-CV, 2011 WL 222218, at *8 (Tex. App.—Amarillo Jan. 25, 2011, no pet. h.) (citing *In re S.N.*, 272 S.W.3d 45, 49 (Tex. App.—Waco 2008, no pet.); *Perez v. Tex. Dep't of Protective & Regulatory Servs.*, 148 S.W.3d 427, 434 (Tex. App.—El Paso 2004, no pet.); *In re L.M.*, 104 S.W.3d 642, 647 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Because the jury findings as reflected in the judgment with respect to Section 161.001(1)(C), (N), and (O) are unchallenged, and each supports the order of termination, it is unnecessary to review James' arguments as to the other grounds. *See In re D.P.R.V.*, No. 04-09-00644-CV, 2010 WL 2102989, at *1 (Tex. App.—San Antonio May 26, 2010, no pet.) (mem. op.) (citing *A.V.*, 113 S.W.3d at 362); *D.S.*, 2011 WL 222218, at *8; *S.N.*, 272 S.W.3d at 49; *Perez*, 148 S.W.3d at 434; *L.M.*, 104 S.W.3d at 647.

We affirm the judgment.


Josh R. Morriss, III
Chief Justice


Date Submitted:     February 8, 2011
Date Decided:       March 1, 2011

5