Lorena K. MOWERY, Appellant,

v.

FANTASTIC HOMES, INC., Appellee.

No. 19536.

Court of Civil Appeals of Texas, Dallas.

June 2, 1978.

Frances Ann McWilliams, Homer A. Brown, Brown & Brown, Garland, for appellant.

David R. Noteware, Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

ROBERTSON, Justice.

Lorena K. Mowery sued Fantastic Homes, Inc., seeking damages for various defects in her new home. She alleged that Fantastic Homes was guilty of both common law fraud and statutory real estate fraud under Section 27.01 of the Texas Business and Commerce Code. Alternatively, Mowery alleged breaches of express and implied warranties regarding the construction, merchantability, and fitness of the house for habitation. She also alleged that the defects were the result of Fantastic Homes' negligence in construction. The case was tried to a jury, and the court's charge was submitted over the objections of Fantastic Homes. In response to the special issues, the jury found that Fantastic Homes had represented that the house was soundly constructed; that this representation was false; that the representation was a material inducement to Mowery to purchase the house; that she relied on the representation; and that the misrepresentation was willful. The jury also found that Fantastic Homes was liable for its negligent construction of the house. In addition to compensatory damages, the jury awarded Mowery $10,000 in exemplary damages. After the verdict was returned, Mowery moved for judgment on the verdict. Although no motion to disregard jury findings or for judgment non obstante veredicto was filed, the trial court nevertheless denied recovery for fraud, disregarded the jury's award of exemplary damages, and rendered judgment on the negligence theory in the amount of $10,746.75. Mowery now appeals from that judgment. We reverse and render judgment based upon the fraud theory and reinstate the award of exemplary damages.

Mowery urges that the trial court erred in failing to render judgment on the fraud findings and the jury's award of exemplary damages. Fantastic Homes argues, however, that because the court's charge set forth an erroneous measure of damages for fraud, the trial court could not render a proper judgment for Mowery on that theory, and the fraud issues were thus properly disregarded. We cannot accept Fantastic Homes' contention because it was not raised in the trial court by objections to the charge. The court submitted two issues concerning damages for fraud, as follows:

Special Issue No. 8

What do you find from a preponderance of the evidence was the cash value parted with by the plaintiff at the time of purchase?

Answer in dollars and cents, if any.
ANSWER: $18,400.00

Special Issue No. 9

What do you find from a preponderance of the evidence is the reasonable market value of the property *at the time of trial*? [Emphasis added]

Answer in dollars and cents, if any.
ANSWER: $11,548.25

According to Fantastic Homes, the measure should not be calculated by the market value of the property at the time of trial; rather, it should be based on the value at the time of *sale*. We need not decide whether the court submitted an incorrect measure of damages, since the record does

not reflect that any specific objection was made in this regard prior to submission.

Fantastic Homes' objections to Special Issue No. 9 were as follows:

> The Defendant specially excepts to Issue No. 9 for the reason that such special issue is irrelevant to any issue before this court, the trial of the plaintiff's case. [The issue is] irrelevant to any issue before this court and jury or any damages sustained by plaintiff.
>
> That [Special Issue No. 9] does not allow this defendant to take into consideration the fact that reasonable repairs could be effected on the property which would greatly enhance the value of the property so that in rendering an opinion with regard to fair market value the cost of damages should be considered.

These objections are insufficient to preserve any error regarding the submission of an improper measure of damages in Special Issue No. 9. Rule 274 of the Texas Rules of Civil Procedure requires a party to "point out *distinctly* the matter to which he objects and the grounds of his objection." Absent a specific objection, the error is waived. *Missouri Pacific R. R. Co. v. Kimbrell*, 160 Tex. 542, 334 S.W.2d 283 (1960); *Osteen v. Crumpton*, 519 S.W.2d 263–64 (Tex.Civ.App.—Dallas 1975, writ ref'd); *see Whitson v. Bluff Creek Oil Company*, 156 Tex. 139, 293 S.W.2d 488 (1956) (objection which stated "said issue does not inquire as to the proper measure of damages" held insufficient for failing to point out defect with sufficient specificity). Thus, even assuming that the submitted measure of damages was erroneous, the trial court was not authorized to disregard the jury's finding of damages on that ground when no distinct objection to the measure of damages was made before submission. *Allen v. American National Ins. Co.*, 380 S.W.2d 604, 609 (Tex.1964); *Panhandle & Santa Fe Ry. Co. v. Friend*, 91 S.W.2d 922 (Tex.Civ.App.—Austin 1936, no writ). As our supreme court stated in *Allen*:

> Where, however, the ground (of recovery or defense) is submitted, however, erroneously or incompletely, the parties are

thereby put on notice that the jury's answers to the issues actually submitted will form the basis of the court's judgment thereafter to be rendered thereon. *It then becomes the duty of each party to point out errors of omission or commission, or be held estopped from thereafter urging them.* [Emphasis added]

If a party is precluded from urging errors in the charge if no distinct objection is made prior to submission, then surely the trial court may not, on its own motion, disregard material issues which have been submitted without a proper objection.

We hold, therefore, that the trial court improperly disregarded the jury's answers to the issues concerning the fraud theory and exemplary damages. When a jury verdict sustains several alternative theories of recovery advanced by a plaintiff, the trial court must render judgment on the theory which affords the greatest recovery. *See Hargrove v. Trinity Universal Ins. Co.*, 152 Tex. 243, 256 S.W.2d 73, 75 (1953). Accordingly, we reverse the judgment of the trial court, and render judgment for Mowery in the sum of $6,851.75, together with $10,000 exemplary damages and costs.