**James Edward MADDOX, Appellant,**

v.

**DENKA CHEMICAL CORPORATION, Individually and Its Successor Corporation, Mobay Synthetics Corporation, Appellee.**

No. 01–93–00020–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 11, 1996.

Earl B. Stover, III, Cheryl A. Schultz, Beaumont, for Appellant.

Scott A. Hooper, Dina L. Lallo, Houston, for Appellees.

Before WILSON, ANDELL and COHEN, JJ.

## OPINION

COHEN, Justice.

Maddox appeals from a take-nothing judgment rendered against him in accordance with a jury verdict. We reverse and remand.

### Facts

Maddox sued Denka for personal injuries he sustained at Denka's chemical plant while employed by H–R International (H–R), an independent contractor hired to work construction at Denka's plant. On March 28, 1987, Maddox's foreman told him to climb to the second level and place a 20–inch piece of pipe through a hole. Maddox was told that the floor plates on the decking were not "tacked down." During the job, the pipe hit the decking and then hit Maddox. This made the plate on which Maddox was standing shift, causing him to fall through the decking to the ground.

■ In point of error two, Maddox contends that jury question one was not in the required broad form of submission, that it was an inferential rebuttal issue, and that it was an impermissible comment on the weight of the evidence.

■ TEX.R.CIV.P. 277 mandates broad form submission of jury questions whenever feasible. *Texas Dept. of Human Serv. v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990). Additionally, the judge should submit explanatory instructions and definitions that will enable the jury to render a verdict. *K–Mart Corp. Store No. 7441 v. Trotti*, 677 S.W.2d 632, 636 (Tex.App.—Houston [1st Dist.] 1984), *writ ref'd n.r.e. per curiam*, 686 S.W.2d 593 (Tex. 1985); TEX.R.CIV.P. 277. The trial judge has wide discretion in determining the issues and instructions to be submitted. *Mobil Chem.*

*Co. v. Bell*, 517 S.W.2d 245, 256 (Tex.1974). Jury charge error is reversible only if it was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment. *Winfield v. Renfro*, 821 S.W.2d 640, 644 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

The jury answered negatively question one, which asked:

Do you find that Denka had a right to control the work in question?

### Instruction

"Control" is more than a general right to order the work to start or stop, to inspect its progress or to receive reports, to make suggestions or recommendations which need not be followed, or to prescribe alterations and deviations.

The general rule is that an owner does not have a duty to see that an independent contractor performs work in a safe manner.

One who entrusts work to an independent contractor, but who retains the right to control of [sic] any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by this failure to exercise his control with reasonable care.

■ Maddox requested and was denied the following question: "Did Denka have the right to control any part of the work of H.R. International, Inc.?" Except for the absence of definitions and instructions, Maddox's proposed question is virtually the same as the question submitted. A party cannot complain when the judge submits an issue substantially similar to the one it requested. *S & A Beverage Co. of Beaumont, No. 2 v. DeRouen*, 753 S.W.2d 507, 509 (Tex.App.— Beaumont 1988, writ denied). Therefore, Maddox's contention that question one violated the broad form submission rule and was an improper inferential rebuttal question will not be considered on appeal.[1] However, we

---

1. Maddox argues that, if the issue of control was to be submitted at all, it should have been included under the negligence question. He contends, however, the trial court told the parties it was

going to submit a question on control, and therefore, he was forced to submit a question on control. The question Maddox desired (a question inquiring about Denka's negligence but

will review Maddox's complaint that the instruction in question one was an impermissible comment on the weight of the evidence.

■ The court's charge shall not comment directly on the weight of the evidence, but the charge shall not be objectionable because it incidentally constitutes a comment on the weight of the evidence or advises the jury of the effect of its answers when it properly is a part of an instruction or definition. TEX. R.CIV.P. 277. To be a direct comment on the weight of the evidence, the language must· suggest the trial judge's opinion concerning the issue. *Southmark Management Corp. v. Vick,* 692 S.W.2d 157, 160 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

The first paragraph of the instruction correctly defines "control;" we find no error in that.

■ The second and third paragraphs discuss a landowner's duty to an independent contractor in language taken from *Redinger v. Living, Inc.,* 689 S.W.2d 415, 418 (Tex. 1985). This was error. There was no need for the jury to apply these general rules of law. Instructing the jury on them did not properly assist it in deciding the issue of control. Moreover, these statements, especially the second paragraph, tended to lead the jury to a particular answer and to suggest the judge's opinion on the matter.

Denka relies on *Redinger* as authority permitting these instructions. *Redinger* did not

do so, nor did it authorize any jury instruction at all. *Redinger* does not discuss, or even mention, jury instructions.

■ Denka contends there is no error because the instructions correctly state the law. That fact, however, does not make them appropriate. Every correct statement of the law does not belong in the jury charge.[2] In *Acord v. General Motors Corp.,* 669 S.W.2d 111, 116 (Tex.1984), the supreme court declared:

> We explicitly approve the Pattern Jury Charge's issue and instruction for defective design cases, *and disapprove the addition of any other instructions in such cases, however correctly they may state the law* under § 402A of the Restatement (Second) of Torts.

(Emphasis added.) The third paragraph of this jury charge is quoted from section 414 of the Restatement (Second) of Torts; like section 402A, it does not belong in a jury charge. "The jury need not and should not be burdened with surplus instructions." *Acord,* 669 S.W.2d at 116.

■ This case is a good example of the rule that every correct statement of the law does not belong in a jury charge. Duty is an issue of law for the court, not the jury. Telling a jury that landowners generally have no duty to make contractors perform safely is like saying, "Generally, owners win cases like this because they have no duty." That

without the issue of control) is included in the transcript; however, nothing in the record indicates the trial court saw the question or ruled on it. Maddox was required to obtain the trial court's ruling and signature on the tendered question to preserve error. TEX.R.CIV.P. 276; *Corley v. Exxon Pipeline Co.,* 821 S.W.2d 435, 437 (Tex.App.—Houston [14th Dist.] 1991, writ denied). Therefore, Maddox has waived this argument regarding question one.

2. The trial judge apparently recognized this and properly refused Denka's requests for the following instructions:

1. In the absence of "control" as defined above, an owner or occupier of land, such as Denka, does not have a duty to see that an independent contractor, such as H–R International, performs its work in a safe manner. Where the danger arises out of an activity conducted, by an independent contractor, the

duty to protect such danger is that of the independent contractor.

2. An owner or occupier of premises, such as Denka, can assume that an independent contractor, such as H–R International, will perform his responsibilities in a safe and workmanlike manner, taking proper care and precautions to assure the safety of his employees. An owner or occupier of premises has no duty to warn an independent contractor's employees of dangers which arise from the performance of their work.

3. An owner or occupier of premises, such as Denka, has no duty or obligation to supervise or police the work of independent contractors, such as H–R International, to·ensure that appropriate safety precautions were taken.

4. An owner or occupier of premises, such as Denka, is not liable for the acts or omissions of an independent contractor, such as H–R International, or the acts or omissions of an employee thereof.

tells the jury how this case should come out, *i.e.*, how it should vote, as a "general rule." Moreover, the third paragraph tells the jury the effect of its vote, that is, it tells the jury how to vote if it wishes for the defendant (or the plaintiff) to win. It says, in effect, "If you answer yes to the right of control question above, then Denka is subject to liability." The jury does not need to know the effect of its answers. Rather, its duty under Tex. R.Civ.P. 226a(III)(4) is that it "must not decide who you think should win and then try to answer accordingly. Simply answer the questions and do not discuss nor concern yourself with the effect of your answers."

We next consider whether the error was harmful. To warrant reversal, the error must be reasonably calculated to cause and probably have caused rendition of an improper judgment. Tex.R.App.P. 81(b)(1).

In *Acord*, the supreme court held it was reversible error to comment on the weight of the evidence by stating that General Motors was neither an insurer nor a guarantor of a perfect or accident-proof product. 669 S.W.2d at 116. The court cited with approval *Levermann v. Cartall*, 393 S.W.2d 931, 935 (Tex.Civ.App.—San Antonio 1965, writ ref'd n.r.e.), in which reversible error occurred in a medical malpractice case when the judge instructed the jury that a doctor is not an insurer or guarantor of his work, nor responsible for an honest mistake in judgment, unless such mistake is due to negligence. 669 S.W.2d at 116. We consider the error here and its likely effect to be similar to those in *Acord* and *Levermann*.

Question one was the only question the jury answered; in effect, it turned out to be the entire charge. Denka's evidence was ample to support the verdict and perhaps stronger than Maddox's, but it was not so overwhelming as to make the result a foregone conclusion.

We believe that Texas courts have been, and should be, sensitive to this type of error. The reason is clear: Few juries will not be influenced improperly by a judge's instruction that, as a "general rule," a defendant has no duty and therefore should win. We believe that such an instruction encouraged the jury to favor Denka's evidence over Mad-

dox's, and thus it was reasonably calculated to cause and probably did cause the rendition of an improper judgment.

We sustain point of error two.

We need not decide points of error one and three, however, we will reach Denka's cross-point.

Denka contends the trial court erred in refusing to submit the comparative responsibility of H–R to the jury in question number three, as required by Tex.Civ.Prac. & Rem.Code Ann. § 33.003 (Vernon 1995). Question three, which was predicated on the jury finding that Denka and/or Maddox was negligent, asked the jury to apportion any negligence between Denka and Maddox.

Maddox collected workers' compensation benefits from his employer. Denka filed a third-party lawsuit against H–R, and H–R's workers' compensation insurance carrier filed an intervention in the lawsuit to recover payments made to Maddox, if he recovered any damages from Denka.

The trial judge's refusal to submit the comparative responsibility of H–R in question three was based on *Varela v. American Petrofina Co.*, 658 S.W.2d 561 (Tex.1983). The facts in *Varela* are similar to the facts in this case. Varela, an employee of a construction company, was injured while working at Petrofina's plant. *Id.* at 561. After he settled his claim with his employer's workers' compensation carrier, Varela sued Petrofina. *Id.* The jury apportioned the negligence of the parties as follow: Varela 15 percent, his employer 42 percent, and Petrofina 43 percent. *Id.* The trial court rendered judgment against Petrofina on 43 percent of the total damages. *Id.*

The issue in *Varela* was the very one presented here: whether an employer's negligence may be considered in a third-party negligence action brought by an employee arising out of an injury covered by workers' compensation insurance. *Id.* at 561–62. The supreme court held that it may not. *Id.* at 562; *see also Dresser Indus. v. Lee*, 880 S.W.2d 750, 752 (Tex.1993). The supreme court held that the employer's negligence could not be considered. *Varela*, 658 S.W.2d at 562. Petrofina was, therefore, required to

pay the damages found by the jury, reduced only by the percentage caused by the plaintiff. *Dresser Indus.*, 880 S.W.2d at 752; *Varela*, 658 S.W.2d at 562. In other words, Petrofina was required to pay the damages caused by both it and plaintiff's employer. *Varela*, 658 S.W.2d at 562.[3] The court stated that a defendant's claim of contribution is derivative of the plaintiff's right to recover from the joint defendant against whom contribution is sought. *Id.* Because Varela had no cause of action against his employer for negligence, Petrofina had no claim for contribution, and former TEX.REV.CIV.STAT.ANN. art. 2212a[4] had no application in the case. *Id.* at 562–63. The supreme court did not change or disapprove of the *Varela* decision in *Dresser Industries*, 880 S.W.2d at 752–53.

Denka contends *Varela* should not control this case because *Varela* preceded the enactment of TEX.CIV.PRAC. & REM.CODE ANN. § 33.003 (Vernon Supp.1996),[5] which mandated the submission of a settling defendant's comparative responsibility. Section 33.003 provides:

> The trier of fact, as to each cause of action asserted, shall determine the percentage of responsibility with respect to:
> (1) each claimant;
> (2) each defendant; and
> (3) each settling person.

While section 33.003 expressly directs the trier of fact to determine a settling person's percentage of responsibility, *Varela* held that the workers' compensation statute was an exception to the application of comparative responsibility law. 658 S.W.2d at 652. We are bound by that decision.

We overrule Denka's cross-point.

We reverse the judgment and remand the cause for a new trial.

---

3. The supreme court in *Dresser Industries* went on to hold that the defendant may, however, offer evidence at trial to show that the employer's negligence caused the employee-plaintiff's injuries. 880 S.W.2d at 753.

4. Act of March 22, 1973, 63rd Leg., R.S., ch. 28, § 2, 1973 Tex.Gen.Laws 41, 41, *amended by* Act of June 3, 1987, 70th Leg., 1st C.S., ch. 2, § 2.09, 1987 Tex.Gen.Laws 37, 42 (current version at TEX.CIV.PRAC. & REM.CODE ANN. § 33.013).

5. Act of June 3, 1987, 70th Leg., 1st C.S., ch. 2, § 2.06, 1987 Tex.Gen.Laws 37, 41.