

NUMBER 13-08-00650-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ROBINSON & HARRISON
POULTRY CO., INC.,                                                       Appellant,

v.

MARCELO GALVAN,  ANALICIA R. GALVAN,
AND PROVEEDORES INTERNATIONAL, INC.,                    Appellees.

On appeal from 389th District Court
of Hidalgo County, Texas.

# O P I N I O N

Before Justices Rodriguez, Garza, and Benavides
Opinion by Justice Rodriguez

Appellant/cross-appellee Robinson & Harrison Poultry Co., Inc. (Robinson &

Harrison) sued appellee/cross-appellant Marcelo Galvan and appellees Analicia R. Galvan

and Proveedores International, Inc. (International) asserting causes of action that arose

from commercial transactions between the parties. The Galvans and International also filed claims against Robinson & Harrison, including a counter-claim for usury. By five issues, which we reorganize as three, Robinson & Harrison complains that the trial court committed reversible error in awarding attorney's fees to the Galvans and International because (1) the charge issue on usury liability was improper, (2) no actual damages were awarded, and (3) there was a limitations bar. By a single issue on cross-appeal, Marcelo claims that the trial court erred in failing to calculate damages on the usury claim. We affirm.

## I. BACKGROUND

The undisputed facts reveal that Marcelo, together with Juan Trevino, owned and operated a business known as Proveedores de Tejas (Tejas).[1] With Robinson & Harrison, Tejas exported poultry products to customers in Mexico. Tejas provided the customers; Robinson & Harrison the product and financing. Because of an unpaid debt of $40,000, owed to Robinson & Harrison by Tejas, Robinson & Harrison stopped doing business with Tejas. When Marcelo and Robinson & Harrison later discussed renewing the export business through International, a new company wholly owned by the Galvans, Robinson & Harrison agreed to extend credit but only on the condition that Marcelo and Analicia would assume the past indebtedness of Tejas. They did so on March 20, 1995, and Robinson extended new credit in the amount of $10,000. The money was to be re-paid within twenty-one days with no agreed rate of interest on this transaction. Marcelo

---

[1]Juan Trevino was not a party in the underlying litigation.

successfully paid Tejas's past debt owed to Robinson & Harrison.[2] However, as Thomas Robinson, president of Robinson & Harrison, testified at trial, by the end of 2003, International owed Robinson & Harrison over $100,000 for missing products.[3]

Robinson & Harrison filed suit against Marcelo, Analicia, and International in County Court at Law No. 4, Hidalgo County, Texas, asserting multiple causes of action including fraud, conversion, and suit on an unpaid account. Robinson & Harrison alleged that International defaulted by failing to make payments on its account and that the principal balance due was over $100,000. Marcelo, Analicia, and International counterclaimed for usury asserting that the entire debt that they assumed as a condition for Robinson & Harrison's extension of credit constituted interest under Texas law, thus, the transaction was usurious. They also filed a new and separate lawsuit against Robinson & Harrison in the 389th District Court, Hidalgo County, Texas, asserting, among other claims, breach of fiduciary duty and interference with contracts. By agreement, all claims were joined in the 389th District Court.

Following a trial on the merits, the jury returned a mixed verdict. The jury found for Robinson & Harrison on its suit on an unpaid account against Marcelo and International and awarded it $97,000 in actual damages and a total of $295,405 in attorney's fees.[4] The jury also found for Marcelo and International on their claim against Robinson & Harrison for interfering with their contractual relations. The jury awarded Marcelo and International

---

[2]This is the transaction that forms the basis of Marcelo's usury claim.

[3]The foregoing facts form the basis of Robinson & Harrison's claims.

[4]Marcelo and International do not challenge this finding of liability, the award of actual damages, or the award of attorney's fees against them.

3

$50,000 in actual damages.[5] As to the usury claim, although the jury found that Robinson & Harrison required the Galvans to assume the past indebtedness of Tejas as a condition of Robinson & Harrison extending credit to Marcelo, it awarded no actual damages based on this finding. The jury did, however, award the following "reasonable fee for the necessary services of [the Galvans and International's] attorney": $272,502.50 for preparation and trial, plus $125,000 if appealed to the court of appeals and $50,000 if appealed to the supreme court. The trial court rendered judgment in conformity with the verdict.[6] It is from the usury findings that all parties appeal.

### III. DISCUSSION

By three issues, Robinson & Harrison contends that the trial court committed reversible error in ordering that the Galvans and International recover attorney's fees based on their usury claim because there was no jury question that would support a liability finding and because the award of attorney's fees was not supported by an award of actual damages. It also asserts a limitations bar.

### A. Waiver

Before reaching Robinson & Harrison's complaints, we address the Galvans and International's assertion that Robinson & Harrison waived its right to complain because it moved for judgment on the entire jury verdict. When a party moves for entry of judgment and the trial court enters the judgment, the party cannot later complain of that judgment.

---

[5]Robinson & Harrison does not complain of this liability finding or the damages awarded against it based on the finding.

[6]The trial court also entered judgment that Robinson & Harrison take nothing from Analicia and that it take nothing from Marcelo on its claims of conversion and fraud. Robinson & Harrison does not challenge these take-nothing judgments.

4

*Casu v. Marathon Ref. Co.*, 896 S.W.2d S.W.3d 388, 389 (Tex. App.–Houston [1st Dist.] 1995, writ denied) (op. on reh'g); *Transmission Exch., Inc. v. Long*, 821 S.W.2d 265, 275 (Tex. App.–Houston [1st Dist.] 1991, writ denied); *see First Nat'l Bank of Beeville v. Fojtik*, 775 S.W.2d 632, 633 (Tex. 1989) (per curiam). However, the right to complain about a judgment on appeal is preserved when a movant for judgment states "in its motion to enter judgment that it agrees only with the form of the judgment," and notes "its disagreement with the content and result of the judgment." *Casu*, 896 S.W.3d at 390 (citing *Fojtik*, 775 S.W.2d at 633). A motion for entry of judgment should contain an express reservation to preserve the right to complain about a judgment on appeal. *See Fojtik*, 775 S.W.2d at 633.

The jury in this case reached a verdict on June 15, 2006, awarding, among other things, attorney's fees to the Galvans and International to be paid by Robinson & Harrison. On June 21, 2006, Robinson & Harrison filed its original motion for entry of judgment. In this motion, and relevant to this appeal, Robinson & Harrison noted that although the verdict shows that the trial court should render judgment for Marcelo and International against Robinson & Harrison for $50,000 for tortious interference,

> [t]he verdict further shows that [the Galvans and International] are not entitled to attorney[']s fees on the issue of Usury because there was no issue submitted by [the Galvans and International] to determine Usury liability and the jury's response to Issue No. 7 was that there are no Usury damages. Taken as a whole, [the Galvans and International] failed to meet their burden to prevail on a cause of action that would entitle them to a recovery of attorney[']s fees.

Although Robinson & Harrison requested "that the Court render judgment in accordance with the jury verdict," it also requested that the trial court "render judgment in accordance with the proposed form of Judgment attached to this motion as Exhibit 'A' . . . ." Its proposed final judgment granted Robinson & Harrison's motion for entry of judgment on

5

the verdict and decreed that Marcelo receive judgment for tortious interference against Robinson & Harrison and be awarded $50,000 plus pre-judgment interest. It also decreed that the Galvans and International "are not awarded any attorney['] s fees on Usury because the jury found there were no damages due for Usury."

Based on this language, we conclude Robinson & Harrison preserved its right to complain on appeal about the award of attorney's fees to Marcelo and International. Robinson & Harrison noted in its motion for entry of judgment that it disagreed with the jury's award of attorney's fees to the Galvans and International based on the usury cause of action. *See Casu*, 896 S.W.3d at 390 (citing *Fojtik*, 775 S.W.2d at 633). It specifically set out the basis for its disagreement, and its proposed judgment reflected the same basis. Thus, the motion contained an express reservation to preserve the right to complain on appeal about this portion of the judgment. *See Fojtik*, 775 S.W.2d at 633.

Furthermore, Robinson & Harrison's second motion for new trial filed on September 2, 2006, referenced its earlier filed motion, its proposed judgment, and a July 5, 2006 hearing held on these matters.[7] In its second motion, Robinson & Harrison outlined that it had been fourteen weeks since the jury returned its verdict, eleven weeks since the hearing, and more than ten weeks since the court deadline to submit briefs. Finally, Robinson & Harrison requested that the trial court enter judgment herein. In its third and final motion for entry of judgment filed on November 13, 2006, Robinson & Harrison again reviewed the timing of the verdict and the filing of its earlier motions for entry of judgment and specifically noted that it had been five months since the jury returned its verdict.

---

[7] We note that a transcript of the July 5, 2006 hearing does not appear in the appellate record.

6

Robinson & Harrison then requested that the court "immediately enter a [j]udgment consistent with the verdict herein."[8]

Courts must read a pleading for its content rather than its label. *See generally* TEX. R. CIV. P. 71 (addressing a misnomer of a pleading); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (providing that a court looks to the substance of a plea for relief, not merely the title, to determine the nature of a pleading). Looking at the substance of Robinson & Harrison's motions, we construe the second and third motions for entry of judgment as supplemental motions, not amended motions or new motions. *See* TEX. R. CIV. P. 62, 63 (defining and explaining amendments of petitions, answers, pleadings, responses, or pleas for relief), 69 (explaining supplementation of a petition or answer), 71; *In re Fifty-One Gambling Devices*, 298 S.W.3d 768, 771-73 (Tex. App.–Amarillo 2009, pet. denied) (concluding that the use of the terms "supplemental" and "amended" in the title of the motions did not alter their effect but rather, after reviewing the purpose of the pleadings and the substance of the motions, expanded the original recusal claim to include a constitutional claim of denial of due process and a claim of improper ex parte communication between the trial court and counsel for the State); *Bennett v. Wood County*, 200 S.W.3d 239, 241 (Tex. App.–Tyler 2006, no pet.) ("An amended pleading supplants earlier pleadings, and the supplanted pleading is no longer part of the pleading in the cause."); *J.M. Huber Corp. v. Santa Fe Energy Res.*, 871 S.W.2d 842, 844 (Tex.

---

[8]"Herein" is defined as "a vague word in legal documents, for the reader can rarely be certain whether it means *in this subsection, in this section (or paragraph), in this document, or in this transaction*. A more precise phrase, such as any of the three just listed, is preferable." BRYAN GARNER, A DICTIONARY OF MODERN LEGAL USAGE 401 (1995). While a more precise phrase would have been preferable in this case, we construe the use of the word "herein" as referring to the verdict as proposed in Robinson & Harrison's first-filed motion for entry of judgment and referred to in its second motion.

7

App.–Houston [14th Dist.] 1994, writ denied) ("An amended petition . . . supersedes all prior petitions . . . ."). It is apparent that Robinson & Harrison's second and third motions for entry of judgment were not intended to supersede the original motion. Rather, by filing second and third motions, Robinson & Harrison was attempting to bring to the trial court's attention that there had been one extended delay after another in the entry of judgment and that a judgment as proposed in its first motion should be rendered in the case. Robinson & Harrison was asserting its position that a significant time period had passed since the filing of each previous motion and yet no judgment had been entered. Thus, we construe Robinson & Harrison's second and third motions for entry of judgment as supplemental motions to be read in conjunction with its first-filed motion. Accordingly, Robinson & Harrison did not waive its right to complain about the award of attorney's fees to the Galvans and International.

## B. Usury Liability

By its first issue, Robinson & Harrison complains of charge error, arguing that it properly objected to Question 6. In response, the Galvans and International assert that Robinson & Harrison failed to preserve error.

The proposed charge included two usury questions. Question 6 asked "Did Robinson & Harrison Poultry Co. require Marcelo Galvan and Analicia Galvan to assume the past indebtedness of Tejas as a condition of extending credit to Marcelo Galvan?" If the jury answered "yes" to Question 6, it was to answer Question 7, the damages question, which provided the following:

> What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiffs for their damages, if any, that resulted from such usury?

8

Consider the following elements of damages, if any, and none other.

(1) Twenty percent of the amount of the principal, (2) plus the principal amount on which the interest was charged and received, (3) plus the interest charged and received.

At the charge conference on June 14, 2006, Robinson & Harrison objected as follows:

[W]e have challenged the damage[s] question on usury. We feel that asking the jury to consider—there is [sic] three parts of the damages. And we feel that by submitting Parts 2 and 3, that's an impermissible comment on the weight of the evidence[9] because it presumes double usury.[10]

The only objection voiced by Robinson & Harrison at the charge conference was to the instruction given as part of the usury damages question; the basis for the objection was that the instruction was "an impermissible comment on the weight of the evidence because it presumes double usury." The trial court overruled this objection and stated that the charge would be submitted "as is." Because of the late hour, the trial court informed the parties that it would sign the charge at the hearing but would not file it until the next

---

[9]Texas Rule of Civil Procedure 277 provides that,

[t]he court shall not in its charge comment directly on the weight of the evidence or advise the jury of the effect of their answers, but the court's charge shall not be objectionable on the ground that it incidentally constitutes a comment on the weight of the evidence or advises the jury of the effect of their answers when it is properly a part of an instruction or definition.

TEX. R. CIV. P. 277. "To be a direct comment on the weight of the evidence, the issue submitted must suggest to the jury the trial court's opinion on the matter." *Indian Beach Prop. Owners' Ass'n v. Linden*, 222 S.W.3d 682, 702-03 (Tex. App.–Houston [1st Dist.] 2007, no pet.) (citing *H.E. Butt Grocery Co. v. Bilotto*, 985 S.W.2d 22, 24 (Tex. 1998); *Southmark Mgmt. Corp. v. Vick*, 692 S.W.2d 157, 160 (Tex. App.–Houston [1st Dist.] 1985, writ ref'd n.r.e.)).

[10]"Double usury" is "interest in excess of double the amount of legal interest." *Danziger v. San Jacinto Sav. Ass'n*, 732 S.W.2d 300, 303 (Tex. 1987). As a remedy for doubly usury, the usury statutes provide for the remedy of cancellation of the principal debt as well as other penalties. *See Armstrong v. Steppes Apts. Ltd.*, 57 S.W.3d 37, 48 (Tex. App.–Fort Worth 2001, pet. denied) (explaining that "the current finance code contains both a forfeiture penalty and a penalty for double usury") (citing TEX. FIN. CODE ANN. §§ 305.001, 305.002).

9

morning before it was read to the jury. The trial court asked if counsel for Robinson & Harrison had "[a]ny problem with that?". Counsel responded, "No, Your Honor. Given the hour, that seems to be logical." The trial court signed the charge, stated that it would be "filed officially tomorrow morning," and again overruled Robinson & Harrison's objections.

"'[A] party objecting to a charge must point out distinctly the objectionable matter and the grounds of the objection.'" *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 43 (Tex. 2007) (quoting TEX. R. CIV. P. 274). Objections to the charge and requests for instructions must, however, comport with the arguments made on appeal. *See Isaacs v. Bishop*, 249 S.W.3d 100, 113 n.13 (Tex. App.–Texarkana 2008, pet. denied); *Coke v. Coke*, 802 S.W.2d 270, 275 (Tex. App.–Dallas 1990, writ denied). "In the absence of an objection at trial that matches the complaint on appeal, nothing has been preserved for our review." *Isaacs*, 249 S.W.3d at 113 n.13 (citing TEX. R. APP. P. 33.1).

Robinson & Harrison objected to Question 7, pointing out distinctly the objectionable matter—namely parts 2 and 3, which instructed the jury on the damage calculation. *See Ledesma*, 242 S.W.3d at 43; *see also* TEX. R. CIV. P. 274; TEX. R. APP. P. 33.1(a). Furthermore, Robinson & Harrison stated that the ground of its objection was that the objectionable matter was a comment on the weight of the evidence. *See Ledesma*, 242 S.W.3d at 43; *see also* TEX. R. CIV. P. 274; TEX. R. APP. P. 33.1(a). The trial court overruled Robinson & Harrison's objection to the usury damages question. *See* TEX. R. APP. P. 33.1(a).

On appeal, Robinson & Harrison does not challenge Question 7. Complaining only of Question 6, Robinson & Harrison generally asserts that Question 6 was not worded

properly to support a finding of usury. Specifically, Robinson & Harrison now asserts the following bases for charge error: (1) there cannot be a finding of usury because there is no proof of any loan to Marcelo; (2) Question 6 is not sufficient to support a finding of usury liability because there is no evidence of any legal interest; (3) Tejas is an alter ego of Marcelo and not a third party; and (4) the jury could have found that the debt assumed was legal interest depending on the amount and duration of the loan. By these contentions, Robinson & Harrison complains of the omission of elements from the charge and evidentiary matters, not of the trial court's alleged comment on the weight of the evidence.[11] We conclude that Robinson & Harrison's arguments on appeal do not comport with the objection raised in the trial court. *See Isaacs*, 249 S.W.3d at 113 n.13. Therefore, because Robinson & Harrison's objection at trial does not match its complaint on appeal, nothing has been preserved for our review. *See id*. (citing TEX. R. APP. P. 33.1).

We also note that on June 15, 2006, the morning following the charge conference and immediately before the hearing on Robinson & Harrison's motion for instructed verdict, Robinson & Harrison filed the following objection to the proposed jury charge issues on

---

[11]Robinson & Harrison also asserts, as a basis for error, that the jury's zero award of damages in response to Question 7 affirmatively negated any possible finding of usury. To the extent Robinson & Harrison is attempting to argue conflicting jury findings when it contends that "[t]he zero damages is also a basis to show that the Jury did not in fact make a finding on any Usury liability," it did not raise that contention in the trial court before the jury was discharged and has, therefore, not preserved the argument for our review. *See Norwest Mortgage, Inc. v. Salinas*, 999 S.W.2d 846, 865 (Tex. App.–Corpus Christi 1999, pet. denied) ("In order to preserve error, the appellant must object to the conflict or inconsistency before the jury is discharged."); *see also* TEX. R. CIV. P. 295 (providing that if the jury's verdict is "incomplete, or not responsive to the questions contained in the court's charge, or the answers to the questions are in conflict, the court shall in writing instruct the jury in open court of the nature of the incompleteness, unresponsiveness, or conflict, provide the jury such additional instructions as may be proper, and retire the jury for further deliberations").

Furthermore, Robinson & Harrison's attempt, if any, to raise challenges to the sufficiency of the evidence is inadequately briefed. *See* TEX. R. APP. P. 38.1(i) (providing that issues on appeal must be supported by clear and concise arguments with appropriate citations to authorities and to the record).

11

usury:

> Defendants will show that Plaintiffs have the burden of proof as to each element of each cause of action.  The elements of usury are:  (1) a loan of money; (2) an absolute obligation to repay the princip[al]; (3) the exaction of a greater compensation than allowed by law for the use of the money by the borrower.  *First Bank v. Tony's Tortilla Factory, Inc.*[,] 877 S.W.2d 285, 287 (Tex. 1994).

> Plaintiffs failed to submit any evidence regarding the princip[al] amount of the loan or the duration of the loan.  Therefore plaintiffs failed to meet their burden to present evidence that would allow the jury to calculate the "compensation allowed by law".

In this written objection, Robinson & Harrison asked the trial court to strike plaintiffs' issues submitted to the jury for usury liability and damages.  At the hearing later that morning, the following exchange occurred between the trial court and Robinson & Harrison's counsel:

[Counsel]:    Your Honor, I have also prepared—which I stated yesterday, verbally, which I had prepared—a . . . proposed issue on Question Number 6 with existence of usury, a question for—I have a new 6 (a) for the user [sic] liability, [and] Number 7 for usury damages . . . .  I would like—I have filed these with the Court.  I would like to bring these to the Court's attention.

The Court:    [Counsel], you didn't file these in writing yesterday.  You made your objections yesterday orally.  These are what they are.

    I had already signed with no objections from any party yesterday and formally file-stamped it this morning, but it was signed yesterday.

    These were filed after we have [sic] already completed the objections on the charge yesterday.

[Counsel]:    I had filed other written questions, and I did make objections.  These—in particular, on the issue—on the issue of the usury, Question Number 6 simply asks—

The Court:    [Counsel], with all due respect, these were filed after we had already finished the charge yesterday.  You were supposed to file those things in writing before the charge.

12

| | |
|---|---|
| [Counsel]: | Your Honor, we need to file these after the parties close and before issues are submitted to the jury. |
| The Court: | I disagree. You are supposed to file it before we are finished with the charge. We finished the charge yesterday. |
| | But they are what they are, and my rulings are what they are. And if this is taken up, you can make that issue. |
| [Counsel]: | I just want to make sure—I want to make sure I didn't pick up the Court's copy. Does the court have? |
| The Court: | . . . I don't actually have originals. These were actually copies, but they are file-stamped. |
| [Counsel]: | Okay. Thank you, Your Honor. |
| | . . . |
| [Counsel]: | I am object[ing]—I'm objecting to the submission of these proposed jury issues since it's a greater weight of preponderance of the evidence and since there is no evidence of these jury issues. |
| The Court: | With all due respect, that was done after we had already filed the charge, your objection. You should have made your objection before the filing of the charge. |
| [Counsel]: | For the record, these objections have already been done outside the presence of the jury and before the jury has been advised of the Court. |
| The Court: | Okay. |

No ruling appears in the record.

After counsel for Robinson & Harrison stated that it had prepared new proposed issues for the usury questions that he would like to bring to the Court's attention, the trial court, referring to its rulings made during the June 14 charge conference, informed counsel that "my rulings are what they are." The trial court made no explicit ruling on this objection, and, from our review of the record, we cannot conclude that the trial court implicitly ruled

13

on this objection or refused to rule and Robinson & Harrison objected to the refusal. *See* TEX. R. APP. P. 33.1(a)(2)(A). Because Robinson failed to obtain a ruling, this objection has not been preserved for our review. *See id.* at Rule 33.1.

Having concluded neither objection was preserved for our review, we overrule Robinson & Harrison's first issue.

## C. Attorney's Fees Award

By its second issue, Robinson & Harrison contends that, even if usury liability is found, the award of attorney's fees is not supported by the usury claim because no actual damages awarded.[12] The availability of attorney's fees under a particular statute is a question of law for the court. *Holland v. Wal-Mart Stores*, 1 S.W.3d 91, 94 (Tex. 1999) (per curiam). We therefore review the issue de novo. *El Paso Natural Gas Co. v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 312 (Tex. 1999); *see The Cadle Co. v. Ortiz*, 227 S.W.3d 831, 835 (Tex. App.–Corpus Christi 2007, pet. denied).

### 1. Section 38.001 of the Civil Practice and Remedies Code

Robinson & Harrison first asserts that no attorney's fees should have been awarded to Marcelo and International under section 38.001 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (Vernon 2008). We agree that, pursuant to section 38.001, when no damages are awarded in claims for rendered services, performed labor, furnished material, freight or express overcharges, lost

---

[12]Marcelo and International prevailed against Robinson & Harrison on their claim of tortious interference with a contract. It is undisputed, however, that this liability finding does not support an award of attorney's fees. *See Smith v. Hennington*, 249 S.W.3d 600, 606 (Tex. App.–Eastland 2008, pet. denied) (providing that attorney's fees may be recovered from an opposing party only when permitted by statute or by contract, and no statutory or contractual basis exists for the recovery of attorney's fees under the plaintiffs' tortious interference claims) (*citing Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 95 (Tex. 1999) (per curiam)).

14

or damaged freight or express, killed or injured stock, a sworn account, or an oral or written contract, no attorney's fees may be awarded. *Id.*; *see, e.g., Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997) ("Because Green failed to recover damages on its breach of contract claim, Green was not entitled to recover attorney's fees under Section 38.001."). Marcelo and International's claim is not, however, a claim covered by section 38.001. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001. It is a claim for usury. Therefore, Robinson & Harrison's reliance on section 38.001 of the civil practice and remedies code is misplaced.[13]

## 2. Section 305.005 of the Finance Code

While acknowledging that section 305.005 of the finance code allows for attorney's fees related to usury, Robinson & Harrison asserts, nonetheless, that the jury verdict in this case does not support a claim for attorney's fees because there is no finding here that Robinson & Harrison was liable for usury and no actual damages were awarded. *See* TEX. FIN. CODE ANN. § 305.005 (Vernon 2006); *C&K Invs. v. Fiesta Group, Inc.*, 248 S.W.3d 234, 251 (Tex. App.–Houston [1st Dist.] 2007, no pet.) (confirming that under finance code section 305 a party can only recover attorney's fees when the defendant is first found liable for usury); *Hoxie Implement v. Baker*, 65 S.W.3d 140, 150 (Tex. App.–Amarillo 2001, pet. denied) (holding that before a plaintiff can hold a defendant liable for attorney's fees, the jury must first find a defendant liable under the finance code). The jury, however, found

---

[13]Robinson & Harrison also asserts that the damages requested—i.e., "the principal amount on which the interest is charged and received"—are available only when there is a contract or transaction for personal, family, or household use. *See* TEX. FIN. CODE ANN. §§ 305.002(b), 349.002(a) (Vernon 2006). The jury was asked to determine damages founded, in part, on this language. Robinson & Harrison, however, did not present this objection to the trial court. *See* TEX. R. CIV. P. 274; TEX. R. APP. P. 33.1(a); *see also* TEX. R. CIV. P. 278. We, therefore, conclude that this argument is waived.

15

in response to Question 6 that Robinson & Harrison required the Galvans to assume the past indebtedness of Tejas as a condition of extending credit to Marcelo. Having concluded that Robinson & Harrison preserved no charge error as to Question 6 and that it has presented no evidentiary issues for our review, Question 6 was the only usury liability question before the jury. *See Ramos v. Frito-Lay, Inc.*, 784 S.W.2d 667, 668 (Tex. 1990) (citing TEX. R. CIV. P. 279) ("Where . . . issues are omitted which constitute only a part of a complete and independent ground and other issues necessarily referable to that ground are submitted and answered, the omitted elements are deemed found in support of the judgment if no objection is made and they are supported by some evidence."). By answering this question in the affirmative, the jury found Robinson & Harrison liable for usury.

Furthermore, section 305.005 of the finance code states that "[a] creditor who is liable under Section 305.001 or 305.003 is also liable to the obligor for reasonable attorney's fees set by the court." TEX. FIN. CODE ANN. § 305.005; *see id*. § 305.001(a-1) (Vernon 2006) (providing for creditor liability for contracting for, charging, or receiving usurious interest in connection with a commercial transaction); *see also* §305.003 (Vernon 2006) (providing for creditor liability for charging or receiving legal interest that is greater than the amount authorized by the subtitle, entitled "Interest"). The award of reasonable attorney's fees under section 305.005 is dependent only on the establishment of creditor liability, not on a finding of actual damages. *See id*. § 305.005; *see also Dyer v. Atteberry*, No. 05-07-00284-CV, 2008 Tex. App. LEXIS 1508, at *10 (Tex. App.–Dallas Feb. 29, 2008) (mem. op.) (holding that because the counterclaim for attorney's fees was dependent upon a usury claim which the claimant failed to establish, the court found no

error in the failure to award attorney's fees) (citing TEX. FIN. CODE. ANN. § 305.005); *cf. Johns v. Ram Forwarding, Inc.*, 29 S.W.3d 635, 637-38 (Tex. App.–Houston [1st Dist.] 2000, no pet.) (holding, pursuant to section 134.005(b) of the civil practice and remedies code which provides "each person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees," that the plaintiff who received zero damages on his Theft Liability Act claim was entitled to recover attorney's fees because the jury found that the defendant committed civil theft); *Nw. Bank v. Couie*, 642 S.W.2d 847, 851 (Tex. App.–Fort Worth 1982, no writ) (finding, under predecessor statute to section 349.003 of the finance code, that "actual damages were not necessary items of proof to be made . . . in order to recover under . . . [article 5060, section 8.01(b) of the Consumer Credit] Code" because these penalties are not compensatory in nature and do not require a showing of actual damage); *Stephens v. Friendly Chevrolet, Ltd*., No. 05-04-00788-CV, 2005 Tex. App. LEXIS 3170, at *5, *11 (Tex. App.–Dallas Apr. 28, 2005, pet. denied) (mem. op.) (explaining that section 349.001 of the finance code provides statutory penalties for violations of the provisions of chapter 348 and because "these penalties are not compensatory in nature" they "do not require a showing of actual damage"). Even though no actual damages were found, we conclude that the trial court properly concluded that attorney's fees were available in this case because the jury found liability. We overrule Robinson & Harrison's second issue.

### 3. Statute of Limitations

By its third issue, Robinson & Harrison contends that the usury claim is barred by the four-year statute of limitations. However, this contention is not supported by clear and

concise arguments with appropriate citations to authorities and to the record and is, thus, inadequately briefed. *See* TEX. R. APP. P. 38.1(i). We overrule Robinson & Harrison's third and final issue.

### 4. No Actual Damages Awarded

By his sole issue, cross-appellant Marcelo complains that the trial court erred in refusing to calculate damages on his usury claim and that the zero damages awarded by the jury is immaterial and must be disregarded because it is outside the jury's province. Marcelo now seeks to have this Court correct the trial court's alleged error through a proper calculation of actual damages and modification of the final judgment.

Parties, however, may not invite error by requesting that an issue be included in the charge and then by objecting to its submission. *See, e.g., Gen. Chem. Corp. v. De La Lastra*, 852 S.W.2d 916, 920 (Tex. 1993); *Winkle v. Tullos*, 917 S.W.2d 304, 316 (Tex. App.–Houston [14th Dist.] 1996, writ denied); *see also Maddox v. Denka Chem. Corp.*, 930 S.W.2d 668, 670-71 (Tex. App.–Houston [1st Dist.] 1996, no writ) ("A party cannot complain when the judge submits an issue substantially similar to the one it requested."). After finding that Robinson & Harrison required the Galvans to assume the past indebtedness of Tejas as a condition of extending credit to Marcelo, the jury was asked to answer a damages question based on what Marcelo submitted as the measure of recoverable damages. The question instructed the jury to calculate damages as twenty percent of the amount of the principal, plus the principal amount on which the interest was charged and received, plus the interest charged and received. As instructed, the jury considered the elements set out in the charge and awarded zero damages.

18

Marcelo did not object to the submission of this damages question. At the charge conference, counsel for Marcelo stated that, in respect to the final form of the charge, he did "not have any proposed instructions, objections or requests." He had "no objections to the charge." Before the jury returned its verdict, Marcelo did not bring to the trial court's attention that the damages issue either failed to apply the proper measure of damages or applied an improper measure of damages. Instead, Marcelo requested the very issue that he now seeks to avoid. Thus, Marcelo invited the error about which he now complains. *Maddox*, 930 S.W.2d at 670-71.

Nonetheless, Marcelo argues that the invited error doctrine does not apply in this case because he requested that the error be corrected while the court had plenary power to do so and the trial court refused to do so. *See Yaquinto v. Britt*, 188 S.W.3d 819, 829 (Tex. App.–Fort Worth 2006, pet. denied) (explaining that the invited-error doctrine did not apply under the facts of the case because a trial court may reconsider and change its order any time as long as it has plenary power); *see also McLendon v. McLendon*, 847 S.W.2d 601, 604-05 (Tex. App.–Dallas 1992, writ denied) (concluding that the invited-error doctrine did not apply because the appellant made the objections to the agreed divorce decree known to the trial court following the agreement). After the verdict was received, Marcelo filed a motion for judgment notwithstanding the verdict, motion to disregard jury findings and, in the alternative, motion for new trial with a supplemental brief in support thereof, asking the trial court to apply other measures of damages. After the judgment was entered, Marcelo filed a motion to modify, correct, or reform the judgment. In his motions, Marcelo alleged that the jury's finding to Question 7, concerning usury damages, was immaterial and that the trial court had a duty to calculate actual damages. The motions

19

and brief described, in detail, what Marcelo referred to as a proper measure for calculating damages and an alternative measure.[14]  Now, on appeal, Marcelo reasons that because he informed the trial court of the error with time to correct it and the trial court refused, he neither waived his complaint on appeal nor is estopped from complaining.  We disagree because "the trial court was not authorized to disregard the jury's finding of damages on that ground when [Marcelo made] no distinct objection to the measure of damages . . . before submission." *Mowery v. Fantastic Homes, Inc.*, 568 S.W.2d 171, 172-173 (Tex. Civ. App.–Dallas 1978, no writ) (citing *Allen v. Am. Nat'l Ins. Co.*, 380 S.W.2d 604, 609 (Tex. 1964); *Panhandle & Santa Fe Ry. Co. v. Friend*, 91 S.W.2d 922, 930 (Tex. Civ. App.–Austin 1936, no writ)).  "If a party is precluded from urging errors in the charge if no

---

[14]In his motion for judgment notwithstanding the verdict and motion to disregard the jury findings and, in the alternative, motion for new trial, Marcelo asked the trial court to apply the proper measure of damages set forth in sections 349.001 and 349.002 of the finance code, which, in combination, provided for (1) twice the amount of interest contracted for, charged, or received, and (2) forfeiture of all interest and all principal charged as an additional penalty. *See* TEX. FIN. CODE ANN. §§ 349.001, 349.002 (Vernon 2006).  Using this measure of damages, Marcelo calculated the following actual damage amount:

| | |
|---|---|
| Twice the interest | $107,200 |
| Interest | 53,600 |
| Principal | 10,000 |
| Total | $170,[8]00 |

In his supplemental brief in support of its motion, Marcelo calculated actual damages under an alternative method using sections 305.003 and 305.004 of the finance code, *see id*. §§ 305.003, 305.004, as follows:

| | |
|---|---|
| Penalty under 305.003 | $119,896.05 |
| Penalty under 305.004 | |
| Principal | 10,000.00 |
| Interest | 40,000.00 |
| Total | $16[9],896.05 |

Marcelo calculated the section 305.003 penalty of $119,896.05 by determining that the maximum interest allowed by law on the $10,000 principal at six percent interest for twenty-one days was $34.65. *See id*. § 302.002 (Vernon 2006).  Deducting $34.65 from the "interest charged" or $40,000 and multiplying that amount by three, Marcelo calculated a section 305.003 penalty of $119,896.05. *See id*. § 305.003. Marcelo also used this alternative measure of damages in his motion to modify, correct or reform the judgment filed two years after judgment was entered.

20

distinct objection is made prior to submission, then surely the trial court may not . . . disregard material issues which have been submitted without a proper objection." *Mowery*, 568 S.W.2d at 172-173; *see Wilgus v. Bond*, 730 S.W.2d 670, 672 (Tex. 1987) ("Although we agree that damages must be measured by a legal standard which serves to guide the jury in determining compensation for the injured party, the Bonds waived any error in the submission by failure to properly object."); *Iron Mountain Bison Ranch, Inc. v. Easley Trailer Mfg., Inc.*, 42 S.W.3d 149, 156-57 (Tex. App.–Amarillo 2000, no pet.); *see also* TEX. R. CIV. P. 274.

Therefore, even if the measure of damages in the charge was improper, Marcelo cannot complain because the trial court submitted the damages question he requested; he invited the error. *See Maddox*, 930 S.W.2d at 670-71. Moreover, the trial court was not authorized to disregard the jury's finding of zero usury damages when no distinct objection to the measure of those damages was made before submission. *See Mowery*, 568 S.W.2d at 172-173.

Marcelo also asserts that the jury's zero damages award is immaterial and must be disregarded because it was outside the jury's province. *See Spencer v. Eagle Star Ins. Co. of Am.*, 876 S.W.2d 154, 157 (Tex. 1994) (op. on reh'g) (defining an immaterial jury question as one that "should not have been submitted" and as "[a] question which calls for a finding beyond the province of the jury, such as a question of law"). Again, this contention is not persuasive because Marcelo requested that the jury determine damages. *See Moody v. Main Bank of Houston*, 667 S.W.2d 667, 620 (Tex. App.–Houston [1st Dist.] 1984, writ ref'd n.r.e.) (holding, in a "debt assumption" usury case, that a debtor's request

21

that a question be submitted to the jury estops him from subsequently complaining that the question and jury finding were irrelevant or immaterial).

Finally, relying on *Duggan v. Marshall* and *Miller v. First State Bank*, Marcelo sets out the following proposition of law: When usury is properly pleaded and supported by the record, the measure of damages is a matter of law, and the trial court has the duty to apply the proper measure of damages. *Duggan*, 7 S.W.3d 888, 892 (Tex. App.–Houston [1st Dist.] 1999, no pet.) (applying this proposition in a common-law usury case and concluding that a common-law usury claim survived to Marshall's estate and that, therefore, "the trial court was authorized to render judgment for Marshall's estate in the amount of $191,800 against Duggan upon the jury's finding that Duggan and Marshall had agreed to a 20 percent interest rate, which the parties agree is usurious"); *Miller,* 551 S.W.2d 89, 102 (Tex. Civ. App.–Fort Worth 1977) (op. on reh'g) (applying this proposition in a non-jury trial), *modified on other grounds*, 563 S.W.2d 572 (Tex. 1978). By his appellate arguments, Marcelo asserts that the trial court had a duty to apply the correct measure of damages and to calculate the damages based on that measure. The cases cited, however, do not stand for the proposition that the trial court must apply the correct measure of damages and calculate the damages as a matter of law when the damages issue is submitted to the jury, without objection. *See Duggan*, 7 S.W.3d at 892; *Miller*, 551 S.W.2d at 102; *see also Iron Mountain Bison Ranch, Inc.*, 42 S.W.3d at 156-57 (explaining that reversal is required when a damages question incorporates a legally-incorrect measure of damages only if there was a rule 274 objection made) (citing Tex. R. Civ. P. 274). Marcelo has cited no authority supporting his argument under the facts of this case,

22

and we find none.  Marcelo's cross-issue is overruled.

## IV. Conclusion

Having overruled Robinson & Harrison's issues and Marcelo Galvan's cross-issue,

we affirm the judgment of the trial court.


NELDA V. RODRIGUEZ
Justice

Delivered and filed the 17th
day of June, 2010.