In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00102-CV

                                                ______________________________

 

 

                                                                  

                     IN THE INTEREST OF D.C. AND D.C., CHILDREN

 

                                                                  

 

                                                                                                  


 

 

                                       On Appeal from the 173rd
Judicial District Court

                                                         Henderson
County, Texas

                                                        Trial Court
No. 2009A-502

 

                                                  
                                                

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                     MEMORANDUM 
OPINION

 

            Frances and
James, biological parents of D.C. and D.C., have had their parental rights
terminated as to those children, each based on multiple grounds.  Each parent’s appeal fails due to procedural
or structural failings, without reference to any substantive issues.  We must affirm the trial court’s judgment as
to each parent because (1) Frances’ statement of points on appeal does not preserve
her claims for review, and (2) James does not challenge some of the independent
grounds for termination.

(1)        Frances’ Statement of Points on Appeal Does
Not Preserve Her Claims for Review

 

            Frances
provided a single point of appeal in her amended motion for new trial:

[T]he judgment signed and entered herein on
August 27, 2010 is contrary to the law and the evidence in that the evidence
was insufficient to prove the grounds for termination of Movant’s parental
rights under the heavy burden required by the law for such termination.  Movant’s Points of Appeal are the same
grounds, i.e., failure of the Petitioner to produce sufficient evidence to
legally prove the alleged grounds for termination.

 

We may not consider “any issue not presented to the trial
court in a timely filed statement of points.” 
See In re J.O.A., 283 S.W.3d
336, 341 (Tex. 2009).  In a statement of
points, “a claim that a judicial decision is contrary to the evidence or that the
evidence is factually or legally insufficient is not sufficiently specific to
preserve an issue for appeal.”  Tex. Fam. Code Ann. § 263.405(i)
(Vernon 2008).  Frances’ generic claim of
factual insufficiency set out above is the type of point at which the statute
is directed, and is insufficient to allow this Court to review her point.[1]

            In her
brief, Frances raises a number of ways in which she believes the evidence is
insufficient to support various findings by the jury.  Under Section 263.405(i) of the Texas Family
Code, we are not allowed to address her complaints.[2]  As all of the issues raised by Frances are
attacks on the sufficiency of the evidence to support termination, we must
therefore affirm the termination as to her.

(2)        James Does Not Challenge Some of the
Independent Grounds for Termination

 

            James
provided a much more extensive, and therefore sufficient, statement of points
to be raised on appeal.  In his brief on
appeal, James contends that the trial court abused its discretion by commenting
on the weight of evidence in a jury instruction given over James’ objection:

In this connection you are instructed that the
fact that James . . . knowingly engaged in criminal conduct that has resulted in
his conviction of an offense and confinement or imprisonment has been
established as a matter of law.

 

James also contends that his
rights were violated because he was not informed or admonished––when he had,
some years earlier, accepted a plea offer in a criminal case for indecency with
a child by contact––that, because of his plea, his parental rights could be
subject to restriction or termination. 
These issues are also set out in his statement of points for appeal, and
thus are preserved for review.

            We find,
however, that we must affirm the termination as to James, in spite of his
complaints on appeal.[3]

            The jury
found that, in support of the request to terminate James’ parental rights, the
State had proved four alleged predicate findings—under subsections (C), (N),
(O), and (Q) of Section 161.001(1)—of the six that had been alleged, in
addition to the mandatory finding that termination would be in the best
interest of the child.  See Tex.
Fam. Code Ann. § 161.001(1)(C), (N), (O), (Q), (2) (Vernon Supp.
2010).  James has attacked on appeal only
the final predicate finding, under subsection (Q), and has not attacked the
best-interest finding.  Only one
predicate finding under Section 161.001(1) is necessary to support a judgment
of termination, when there is also a finding that termination is in the child’s
best interest.  In re A.V., 113 S.W.3d 355, 362 (Tex. 2003); In re N.R., 101 S.W.3d 771, 775 (Tex. App.—Texarkana 2003, no
pet.).  “If multiple predicate grounds
are found by the trial court, we will affirm based on any one ground because
only one is necessary for termination of parental rights.”  In re
D.S., No. 07-10-00184-CV, 2011 WL 222218, at *8 (Tex. App.—Amarillo Jan.
25, 2011, no pet. h.) (citing In re S.N.,
272 S.W.3d 45, 49 (Tex. App.—Waco 2008, no pet.); Perez v. Tex. Dep’t of Protective & Regulatory Servs., 148
S.W.3d 427, 434 (Tex. App.—El Paso 2004, no pet.); In re L.M., 104 S.W.3d 642, 647 (Tex. App.—Houston [1st Dist.]
2003, no pet.).  Because the jury findings as reflected in
the judgment with respect to Section 161.001(1)(C), (N), and (O) are
unchallenged, and each supports the order of termination, it is unnecessary to
review James’ arguments as to the other grounds.  See
In re D.P.R.V., No. 04-09-00644-CV, 2010 WL 2102989, at *1 (Tex. App.—San Antonio
May 26, 2010, no pet.) (mem. op.) (citing A.V.,
113 S.W.3d at 362); D.S., 2011 WL
222218, at *8; S.N., 272 S.W.3d at
49; Perez, 148 S.W.3d at 434; L.M., 104 S.W.3d at 647.

            We affirm the judgment. 

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          February
8, 2011

Date Decided:             March
1, 2011

 

 

 











[1]The
tougher cases seem to draw the line between a too-general statement of points
and one that is sufficiently specific to satisfy the statute by requiring that
a statement at least focus the evidentiary-sufficiency attack on specific
subsections of Section 161.001(1) of the Texas Family Code or to the specific
violative behavior or fact issue as to each predicate finding being attacked on
appeal.  See, e.g., In re J.J.C., 302 S.W.3d 436 (Tex. App.—Houston
[14th Dist.] 2009, pet. denied) (insufficient to refer to only “both grounds
for termination”); In re J.S., 291
S.W.3d 60 (Tex. App.—Eastland 2009, no pet.) (sufficient to refer to subsection
(O) of Section 161.001(1)); In re S.B.,
207 S.W.3d 877 (Tex. App.—Fort Worth 2006, no pet.) (sufficient to refer to
subsections (D) and (E)); In re A.J.H.,
205 S.W.3d 79 (Tex. App.—Fort Worth 2006, no pet.) (sufficient to refer to
subsections (D), (E), and (N)).

 





[2]There
is a limited exception to Section
263.405(i).  In the case of J.O.A., the high court held “that an ineffective assistance of counsel
claim can be raised on appeal despite the failure to include it in a statement
of points.”  283 S.W.3d at 339.  The court went on to find Section 263.405(i)
unconstitutional as applied when it precludes a parent from raising a
meritorious complaint about the insufficiency of the evidence supporting the termination
order—as used to meet the second prong of Strickland
by showing harm.  In re B.G., 317 S.W.3d 250 (Tex. 2010) (right to record despite
lack of statement of points—necessary to show counsel was ineffective).





[3]We
do not, by so doing, suggest that the instruction was proper.  In fact, under controlling caselaw, it
appears that it was not.  An instruction, even though a
correct statement of the law, may still be error if it is a comment on the
weight of the evidence.  In re V.L.K., 24 S.W.3d 338, 343 (Tex.
2000); see Acord v. Gen. Motors Corp.,
669 S.W.2d 111, 116 (Tex. 1984).  To
constitute a comment on the weight of the evidence, the instruction must
indicate the trial court’s opinion on the truth of the matter in question.   Crenshaw
v. Kennedy Wire Rope & Sling Co., 327 S.W.3d 216, 223 (Tex. App.—San
Antonio 2010, pet. granted); Maddox v.
Denka Chem. Corp., 930 S.W.2d 668, 671 (Tex. App.—Houston [1st Dist.] 1996,
no writ); Harris v. Gen Motors Corp.,
924 S.W.2d 187, 188 n.1 (Tex. App.—San Antonio 1996, writ denied).